This is an appeal from a final judgment of divorce.
Sandra Perry filed an action for divorce, and John James Perry filed an answer and counterclaim for divorce. Sandra Perry dismissed her complaint, and trial proceeded on the counterclaim. A judgment of divorce was rendered on May 16, 1984, awarding Sandra Perry custody of the three minor children, $450 a month as child support, $700 a month as alimony, possession of the house with the responsibility to pay the mortgage, attorney's fees in the sum of $1,565, and other personal property, with visitation rights at specific times to John James Perry.
Appellant contends as error the failure of the trial court to order a mental examination of appellee and their children. On April 19, 1984 appellant filed a motion under rule 35, Alabama Rules of Civil Procedure, requesting the court to order appellee and their children to undergo psychological counseling and examination. Appellant alleges this would assist in the matter of child custody and that he had agreed to a continuance of the case based on the appellee's assurance she would voluntarily be examined, along with the children. This is not borne out by the record, as the agreement to continue states only that appellee was to deliver the parties' third child about the time of the hearing. No affidavits accompanied the motion, and no other reference is made except in testimony that appellee did not go to the psychologist selected by appellant. Appellee did go to a psychologist of her choice over a period of time. The trial court did not rule on this motion, nor was it brought to the court's attention for ruling. The trial proceeded on May 8, 1984, and appellant did not object to going to trial without this information. The grant or denial of a motion for a physical or mental examination rests in the sound discretion of the trial court. See, Coca-Cola Bottling Co. v.Negron Torres, 255 F.2d 149 (1st Cir. 1958); Balfour v.Balfour, 413 So.2d 1167 (Ala.Civ.App. 1982). No abuse of discretion was shown in this case.
Appellant further alleges that the trial court erred in granting child custody, alimony, child support, attorney's fees, and property division. Appellant objected to testimony concerning attorney's fees, as none had been requested in the amended answer. The appellee asked for child custody and support, alimony, certain real and personal property, and "such other relief as the Court may deem meet and proper." From the record:
 "MS. WINNING: I would like to renew my objection to attorneys' fees, as it was not requested in the amended complaint, and that attorneys' fees are not allowable unless they are so requested.
 "MR. GRAVES: Your Honor, we ask for such other relief as the Court might see fit."
There was no ruling by the court, and the court proceeded to hear evidence as to attorney's fees. Although this is not preferred pleading, the appellant has failed to *Page 1326 
show any prejudice to him in maintaining his action upon the merits. Rule 15 (b), A.R.Civ.P. It was an amendable matter and, appellant not eliciting a ruling from the court, the objection is deemed waived. An award of attorney's fees rests in the sound discretion of the trial court, which must consider, among other factors, the earning capacity and the financial circumstances of the parties. Sprinkle v. Sprinkle,441 So.2d 974 (Ala.Civ.App. 1983). The record in this case shows evidence as to the need of the wife and performance of service by her attorney. Appellee has only sporadic employment.
As to child custody and support, alimony, and property division, it is a well-established principle that a divorce decree is presumed correct in instances where testimony is taken orally before the trial court, "[a]nd this presumption is overcome only when the reviewing court determines from an examination of the record before it that the trial court's decree is unsupported by, or contrary to, the evidence presented at trial." Roberts v. Roberts, 354 So.2d 21
(Ala.Civ.App. 1978). The prevailing consideration in child custody matters is the best interests of the child. Smith v.Smith, 334 So.2d 915 (Ala.Civ.App. 1976).
In divorce actions, determination of alimony, division of property, and award of child support are within the sound discretion of the trial court and will not be reversed except for palpable abuse. Taylor v. Taylor, 408 So.2d 117
(Ala.Civ.App. 1981).
We find no such abuse in this case, and it is affirmed.
Attorney's fee on appeal in the amount of $600 is awarded to appellee.
The foregoing opinion was prepared by Retired Circuit Judge ROBERT M. PARKER while serving on active duty status as a judge of this court under the provisions of section 12-18-10 (e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.