Husband and wife were divorced from bed and board in 1981. Pursuant to that decree, the wife received custody of the parties' two children, and the husband was ordered to pay $150 per month in child support.
In 1988, the husband filed a petition for an absolute divorce from the bond of marriage and requested reasonable visitation rights with the two children. The wife then answered and alleged an arrearage in child support in the amount of $12,245.14 under the bed and board decree. She also requested custody of the children and reasonable child support and asked that the husband be required to show cause why he should not be held in contempt for failure to abide by previous orders.
Following an ore tenus proceeding, the court divorced the parties, granted custody of the children to the mother, awarded visitation to the father, and ordered the husband to pay $100 per month in child support. The mother then filed a motion for new trial, after which the court amended its order and rendered a judgment against the father for $10,533.40, and further directed him to pay an extra $25 per month toward the child support arrearage.
The mother appeals.
She presents two issues for review by this court: (1) is the child support awarded insufficient, and (2) is the award of visitation afforded the father in error?
First of all, the combined income of the parties is $648 per month. This amount clearly falls below the $750 figure at which child support guidelines begin. Rule 32, Alabama Rules of Judicial Administration. For combined gross income below $750 per month, the amount of support is left to the discretion of the court. Rule 32, A.R.J.A. Likewise, it is well established by case law that the amount of child support payments is discretionary with the court and will be reversed only upon a showing of palpable abuse of discretion. Perry v.Perry, 460 So.2d 1324 (Ala.Civ.App. 1984). We have reviewed the evidence and find no such abuse. *Page 961 
With regard to the mother's assertion that the father should have been denied visitation due to evidence of his mental instability, we disagree. Once again, a trial court's determination with regard to visitation is not reversible unless unsupported by the evidence presented at trial.Perry.
Evidence in the record does suggest mental instability on the part of the father. However, the court ordered visitation is restricted to visitation by the father at his parents' home, with no overnight visitation. We find that this arrangement does not reflect an abuse of discretion, and we affirm.
AFFIRMED.
INGRAM, P.J., and RUSSELL, J., concur.