ROBERTSON, Presiding Judge.
The parties were divorced in 1986, and custody of the child was awarded to the mother. The divorce decree made the following provision concerning child support:
“[The father] is to pay [the mother] $300 per month in a four week month, and $375 per month in the months which have five weeks, for the support and maintenance of said minor child....”
In 1990, the mother filed a motion for rule nisi, contending that the father was in arrears in his child support. Further, the mother requested that the child support be increased in accordance with Rule 32 of the Alabama Rules of Judicial Administration. After an ore tenus proceeding, the trial court found that the father was in arrears and ordered him to pay $1,888.92. Further, the trial court amended the child support payments to order that the father would pay $325 per month as child support. We note that this is not a modification of the amount of child support to be paid, but rather a change in how it is to be paid. The amount of yearly child support remains the same, whether based on the original divorce decree or the present order, i.e., $3,900 per year. The mother appeals.
The mother argues in brief that it is “obvious that the trial [court] found that there was a material change of circumstances. ...” Therefore, she contends that the trial court abused its discretion in deviating from the child support guidelines.
The problem with the mother’s argument, however, is that it is based on a faulty premise. As we noted above, the trial court did not modify the amount of child support awarded to the mother. It simply changed how the money was to be paid. The original decree required $300 per month for those months with only “four weeks” (four weekends) and $375 per month for those months with “five weeks” (five weekends). So, for eight months out of the year, the father would pay $300 per month, and for four months out of the year, the father would pay $375 per month, resulting in a yearly total of $3,900. The trial court simplified the method of payment so that the father would now pay a constant $325 per month, which still results in $3,900 per year. There was no increase or decrease in the child support award, thus, no modification.
The trial court obviously found that the mother had not shown a material change in circumstances sufficient to warrant a modification of child support; therefore, the trial court never reached the point of applying the child support guidelines. Moore v. Moore, 575 So.2d 95 (Ala.Civ.App.1990). The only evidence presented by the mother concerning any changed circumstances was that the father now makes more than he did in 1986, and that the mother makes less. There was no evidence of the needs or increased needs of the children.
In determining whether there has been a change in circumstances sufficient to warrant a modification of child support, the trial court has considerable discretion either to order or to deny a modification. Murphree v. Murphree, 366 So.2d 1132 (Ala.Civ.App.1979). Its decision will not be overturned by this court unless it is plainly or palpably wrong or constitutes an abuse of discretion. Murphree.
After a review of the record, we cannot say that the trial court erred in denying the mother’s request for a modification of child support.
This case is due to be affirmed.
AFFIRMED.
THIGPEN and RUSSELL, JJ., concur.