This case involves post-divorce proceedings regarding child support.
When the parties divorced in 1985, the mother was awarded custody of the three children subject to the visitation rights of the father. The oldest child is not involved in this appeal.
In July 1990, the father petitioned for a modification alleging a substantial and material change in circumstances and requested to modify the last judgment as it concerned custody of the parties' middle child and the child support obligation. That child was living with the father at the time of the petition. Ultimately, the parties agreed to the change in custody and presented the trial court with a stipulation of facts regarding their incomes and other matters pertinent to this cause. The trial court entered an order changing custody from the mother to the father, ordering the father to pay court costs and $200 towards the mother's attorney's fee, ordering the father to pay the mother $301.74 per month for support of the parties' youngest child remaining in her custody, and ordering that the mother shall pay "no child support" to the father for the child in his custody. *Page 1218 
After the father's post-trial judgment was denied, he appealed.
The dispositive issue raised by the father is whether the trial court erred by failing to order the mother to pay child support pursuant to the guidelines established in Rule 32, A.R.J.A.
We are mindful that matters concerning child support and its subsequent modifications rest soundly within the trial court's discretion. Belser v. Belser, 558 So.2d 960 (Ala.Civ.App. 1990); Conradi v. Conradi, 567 So.2d 364 (Ala.Civ.App. 1990). Actions concerning child support, which are filed on or after October 9, 1989, although guided by the mandatory application of Rule 32, A.R.J.A., are still committed to the sound discretion of the trial court. See Peck v. Peck, 581 So.2d 1119
(Ala.Civ.App. 1991); see also, Belser, supra. The trial court may elect not to apply the mandatory guidelines by entering a written finding on the record that the application of the guidelines would be unjust or inappropriate. Rule 32(A), A.R.J.A.
This action concerning the change in custody and the request for child support as a result of that custody change was clearly filed after the effective date of Rule 32, A.R.J.A. The father advances at least three possible theories that the trial court could have utilized in calculating the child support award to the mother. The mother argues that because the two children involved in this case are in two different households, a different (but uncertain) calculation applies. While we find the various arguments of each party creative, they are merely speculative, and we are not convinced of their soundness. It is clear that a trial court may chose not to use the guidelines only if it determines and documents in the record that application of the guidelines is unjust. Rule 32(A), A.R.J.A.,Peck, supra.
In the instant case, we are unable to determine what calculation, if any, the trial court utilized in its determination of the child support award, whether the trial court considered the income of the mother in its award, whether the father's child support obligation was offset by his having custody of one of the two remaining minor children of the marriage, or whether the trial court considered the mandatory application of the guidelines in Rule 32, A.R.J.A. Accordingly, this case must be reversed for further proceedings, if necessary, or for the entry of an order consistent with this opinion.
The mother's request for an attorney's fee for this appeal is denied.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and RUSSELL, J., concur.