This case involves a petition filed pursuant to the Uniform Reciprocal Enforcement of Support Act (URESA). Ala. Code 1975, §§ 30-4-80 through -98.
The parties were divorced in June 1988 in Mississippi. By agreement, custody of the parties' three minor children was placed with Malinda Thomas (mother), whereas Ronald Thomas (father) was ordered to pay a total of $300 per month as child support.
In July 1990, the mother filed a URESA petition in Harrison County, Mississippi, to collect $6,900 which she claimed that the father owed to her in child support arrearage. Pursuant to URESA provisions, the case was transferred to St. Clair County, Alabama, where the father resides, and the case then was prosecuted by the State of Alabama Department of Human Resources (State) on behalf of the mother.
Immediately following an ore tenus proceeding, the trial court orally announced its decision on the URESA petition and later reduced that decision to written form, stating in pertinent part, the following:
 "1. Judgment is hereby rendered in favor of the [mother] and against the [father] in the amount of Four Thousand Dollars ($4,000.00) for support arrearage determined due as of [February 7, 1991].
 "2. The [father] is hereby ordered to pay the sum of Three Hundred and Fifty Dollars ($350.00) per month commencing on March 1, 1991 for the current support and maintenance of the said minor children named above. A copy of the child support guidelines established by Rule 32 of the Alabama Rules of Judicial Administration having been filed herein and being considered by this Court, and based upon the evidence presented herein, the Court finds that Application of the Child Support Guidelines would be manifestly unjust and inequitable in this cause. In addition, the [father] is to pay Twenty-five Dollars ($25.00) per month toward the above stated arrearage of Four Thousand Dollars ($4,000.00) for a total payment of Three Hundred and Seventy-five Dollars ($375.00) per month commencing on March 1, 1991."
The State's subsequent motion for new trial was denied by the trial court, and this appeal followed.
On appeal, the State raises two issues: 1) whether the trial court properly applied Rule 32 of the Alabama Rules of Judicial Administration in setting the amount of child support; and 2) whether the trial court abused its discretion in deciding the issues of past-due child support and medical insurance.
The State specifically argues that the trial court erred by not explicitly stating its reasons for failing to follow the child support guidelines of Rule 32, A.R.J.A. The State also argues that the evidence before the trial court was not *Page 86 
sufficient to rebut the presumption of correctness which attaches to the application of the rule.
In establishing guidelines which determine the amount of child support to be awarded, Rule 32(A), A.R.J.A., states the following:
 "There shall be a rebuttable presumption, in any judicial or administrative proceeding for the establishment or modification of child support, that the amount of the award which would result from the application of these guidelines is the correct amount of child support to be awarded. A written finding on the record that the application of the guidelines under the following criteria would be unjust or inappropriate shall be sufficient to rebut the presumption:
 "(i) Upon a fair, written agreement by the parties establishing a different amount and stating the reasons therefor, or
 "(ii) Upon a finding of fact, based upon evidence presented to the court, the court determines the application of the guidelines would be manifestly unjust or inequitable."
The trial court clearly stated that it considered the application of the guidelines and, "based upon the evidence presented herein, . . . [found] that Application of the Child Support Guidelines would be manifestly unjust and inequitable in this cause." That order satisfied the requirements of Rule 32(A)(ii), A.R.J.A.
Furthermore, matters relating to child support and its subsequent modifications rest soundly within the discretion of the trial court. Smith v. Smith, 587 So.2d 1217
(Ala.Civ.App. 1991). Child support actions filed on or after October 9, 1989, although guided by the application of Rule 32, A.R.J.A., still are committed to the trial court's sound discretion.Smith, supra. Here, the trial court heard and considered evidence concerning the father's current employment, work-related travel expenses, and his living expenses. With theSmith presumption in mind, we cannot say that the trial court abused its discretion.
Regarding the second issue, the State contends that the trial court abused its discretion by only finding a $4,000 arrearage against the father, instead of the $6,900 arrearage alleged in the URESA petition. The State also argues that the trial court erred by finding that the arrearage represented past-due child support through February 7, 1991, instead of through June 1, 1990. Specifically, the State argues that the trial court improperly allowed the father credit against his child support arrearage without the father providing proper documentation for such credit.
The law is well-settled that the award or denial of a credit against a child support arrearage is within the trial court's sound discretion, and its decision will not be reversed absent a showing of plain and palpable abuse. Windham v. State ex rel.Windham, 574 So.2d 853 (Ala.Civ.App. 1990). A party may not reduce child support payments if the child support order does not so provide, but a credit against claimed arrearage may be allowed if that party actually furnished support for the child while the child was in the party's custody. Windham, supra.
Furthermore, when the trial court bases its judgment on ore tenus evidence, there exists a presumption of correctness as to its conclusion on factual issues, and the trial court's determination will not be disturbed unless it is clearly erroneous, without supporting evidence, manifestly unjust, or against the great weight of the evidence. Gray v. Reynolds,553 So.2d 79 (Ala. 1989).
The record in the instant case reveals that the mother and the parties' three minor children returned to live with the father for approximately six months after the divorce. The father asserts, therefore, that the trial court could have found that he was entitled to credit for the amount of support he provided during that period of time.
The father's testimony, which was unrefuted, disclosed that the parties and their minor children resumed living together, in fact, for a six-month period following the divorce. According to the father, not only *Page 87 
did he support the mother and their children during this time, but he also testified that the mother had access to his bank account and personal papers as well. Three checks which the mother wrote on the father's personal account were introduced into evidence by the father. He also testified that the mother wrote additional checks on his personal account, but he could not produce them at trial because "she got rid of them." The father did admit to not paying child support to the mother during this six-month period, but stated that he did not pay her because "she got the majority of the check anyway."
The father also introduced into evidence two checks totalling $300 he had written to the mother for child support, and testified to making some child support payments to the mother by the use of money orders. The father testified, however, that the mother destroyed his receipts and records showing his child support payments, and that attempts to recover copies of his money order receipts had been hindered due to a fire in the store where he made the transactions. The father did admit to owing an arrearage of possibly $4,000.
Bearing in mind the presumptions attendant to the trial court's decision, we cannot say the trial court committed plain and palpable abuse, or that its decision was clearly erroneous as to this issue.
The State also argues that the trial court erred by not requiring the father to provide medical insurance for the parties' three minor children. In its brief, however, the State fails to cite any legal authority to support its position as mandated by Rule 28(a)(5), Alabama Rules of Appellate Procedure. We, therefore, will not consider this issue on appeal. Moulder v. Moran, 578 So.2d 1367 (Ala.Civ.App. 1991).
Based on the foregoing, this case is due to be, and it is hereby, affirmed.
AFFIRMED.
ROBERTSON, P.J., and RUSSELL, J., concur.