L. CHARLES WRIGHT, Retired Appellate Judge.
The parties were divorced in 1987. The mother was awarded custody of the parties’ minor son, and the father was ordered to pay child support.
In January 1992, the father filed a petition in the Circuit Court of DeKalb County to terminate his child support obligation. The petition was based on the minor son’s December 1991 marriage. At the time of the marriage and the hearing the son was a 16-year-old high school student. He and his 15-year-old wife resided with the mother. Following oral proceedings, the trial court terminated the father’s support obligation. The mother appeals.
The mother insists that the trial court erred in terminating the father’s support obligation. She asserts that the supreme court’s decisions in Ex parte Bayliss, 550 So.2d 986 (Ala.1989), and Ex parte Brewington, 445 So.2d 294 (Ala.1983), which extended the duty of parental support beyond majority, are analogous to the situation at hand. She suggests that this court apply the rationale found in Bayliss and Brew-ington and determine that a non-custodial parent has an obligation to continue to support a married minor child.
In Owens v. Owens, 412 So.2d 820 (Ala.Civ.App.1982), this court determined that a father’s duty to support his minor child ends when the minor child marries. The trial court found Owens to be dispositive of the issue presented. We agree.
We are cognizant of the Brewington and Bayliss rationale and the ensuing extensions of support liability in this state. We, however, decline to apply the rationale of those cases to the present facts. To do so would extremely enlarge an already swollen child support responsibility of a parent. If there is to be further extension, it should properly come from the legislature.
The judgment of the trial court is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.