YATES, Judge.
The parties were divorced in 1982. Patricia Lowe Saveli (mother) was awarded custody of the parties’ two minor children, and Rickey O’Neal Morris (father) was ordered to pay child support in the amount of $250 per month.
In May 1992, the mother filed a petition for rule nisi, requesting the trial court to hold the father in contempt for failing to pay child support. Also included in the mother’s filing was a petition for modification, wherein the mother requested an increase in the father’s child support obligation in accordance with Rule 32, Alabama Rules of Judicial Administration.
After an ore tenus proceeding, the trial court entered an order finding the father to be $3,900 in arrears on his child support obligation. The trial court’s order also stated the following: “The [father] shall pay $283.00 per month to the [mother] as regular child support.... After consideration of the evidence which is in conflict, the Court finds this sum to be within Rule 32, ARJA, Child Support Guidelines.” The mother appealed.
The sole issue on appeal concerns the modification of the father’s child support obligation. Specifically, the mother argues that the trial court’s upward revision of $283 in child support is not in conformity with the evidence pertaining to the father’s income and, therefore, does not reflect the correct amount of support mandated by Rule 32, A.R.J.A.
Initially, we note that a trial court’s judgment, when based on evidence presented ore tenus, will not be disturbed absent a showing of plain and palpable abuse. Murph v. Murph, 570 So.2d 692 (Ala.Civ.App.1990). Also, determinations of child support and its subsequent modifications are soundly within the discretion of the trial court. Smith v. Smith, 587 So.2d 1217 (Ala.Civ.App.1991). Child support actions filed on or after October 9, 1989, although subject to the application of Rule 32, A.R.J.A., nevertheless are committed to the trial court’s sound discretion. Id.
At trial, testimony primarily was elicited from the father, who appeared pro se, concerning his employment as an electrician. In his testimony, the father stated that his employment since 1990 had been sporadic. Tax records, which were discussed at trial but not included in the record on appeal, apparently revealed that the father’s gross income for 1990 was $19,750. The father testified that he worked in North Carolina from January 1992 until March 1992, but that he then was unemployed from March until May 1992. The record revealed that the father’s pay in North Carolina was $11 per hour, but he occasionally received overtime pay. At the time of trial, the father was working in Mobile and earning $12 per hour. The father’s testimony indicated, however, that he was not working consistent forty-hour weeks due to the unstable nature of the construction business, which often was attributable to unfavorable business climates or inclement weather.
After reviewing the limited record evidence and applying the attendant legal presumptions, we cannot say that the trial court abused its discretion in its modification of the father’s child support obligation. We again note that, according to its order, the trial court found the evidence to be conflicting and proceeded to apply the child support guidelines of Rule 32, A.R.J.A., to that evidence. *340 Consequently, the judgment of the trial court is due to be affirmed.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur.