The sole question on appeal is whether the trial court erred by retroactively modifying an earlier child support award downward and then recalculating arrears and interest based upon the modified amount. We hold that it did, and we reverse and remand.
In August 1993, the State of Alabama intervened in the Howards' divorce action for *Page 84 
the purpose of collecting child support and filed a contempt petition against the father, seeking a child support arrearage in the amount of $11,340. That amount was calculated from a child support award in the original divorce judgment of $120 per week. The father moved to dismiss the contempt. He argued that the $120 per week child support applied only until the older child reached the age of majority; however, the father never petitioned the court to modify the original child support award.
The following statement of the evidence was agreed upon by the parties, approved by the trial court, and made a part of the record on appeal:
 "1. The parties, Annie A. Howard and Allen F. Howard, Jr., were married and had two children, [a daughter], date of birth June 20, 1970, and [a son], date of birth September 30, 1974. The parties were divorced June 4, 1987, and child support was ordered per the agreement of the parties, which was incorporated by reference into the decree. The agreement read in part:
 " 'CHILD SUPPORT. Allen shall pay to Annie for the support and maintenance of the parties' minor children the sum of One Hundred Twenty Dollars ($120.00) per week, shall continue to maintain the policy of major medical insurance on the children which he carries through his employment and shall also pay all reasonable medical and dental expenses incurred by or on behalf of the children which are not covered by such insurance.'
 "Defendant paid child support of $120.00 per week following the divorce until July 1989, at which time he lowered the child support to $60.00 per week voluntarily as the eldest child reached the age of 19 on June 20, 1989. He continued to pay $60.00 per week until the younger child reached the age of 19 on September 30, 1993.
 "2. After hearing the facts above, the Court entered an Order requiring the parties to submit the Alabama Child Support Guideline Forms, Rule 32, A.R.J.A., with their respective incomes from 1989, and reset the matter for January 6, 1994. The Child Support Guideline Form showed an income of $540.00 per month for Annie A. Howard, and the parties stipulated that this amount was lower than minimum wage due to her physical disabilities. Allen F. Howard, Jr.'s income was shown to be $2,437.00 per month for 1989, with insurance costs of the minor child of $41.00 per month on the Child Support Guideline Form. The child support guideline amount was calculated at $80.00 per week.
 "3. January 6, 1994, the Court considered the guideline [forms] submitted for 1989, found that child support, had it been calculated by the guidelines, would have been $80.00 per week for the time period of July 1989 through September 1993, and set the amount of support at $80.00 per week for that time period. The Court calculated arrears based on an $80.00 per week order less payments made of $60.00 per week and established an arrearage of $4,180.00 and allowed that plaintiff was entitled to interest on said arrearage. The Court then required calculation of the Alabama Child Support Guidelines on the parties' current income. Annie A. Howard was shown to have an income of $325.00 per month as her actual income for 1993 due to her physical disabilities, and Allen F. Howard, Jr. was shown to have income of $953.00 per month as his actual income for 1993 due to an unavoidable change in employment. The Alabama Child Support Guidelines were calculated at $38.00 per week, and the Court was advised orally of this amount. The Court ordered Allen F. Howard, Jr. to pay arrears of $4,180.00 plus interest at the rate of $38.00 per week.
 "4. Annie A. Howard filed a Motion to Alter or Amend the Judgment, Allen F. Howard, Jr. filed a Response to Motion to Alter or Amend the Judgment, and the Court scheduled a hearing in their respective motions and the Court entered an Order denying Annie A. Howard's Motion to Alter or Amend the Judgment.
 "5. At neither the hearing of October 12, 1993, nor the hearing of January 5, 1994, nor the hearing of May 6, 1994, [was there any] stipulation or discussion concerning what the intent of the parties was at the time of the divorce as to when the child support obligation would cease." *Page 85 
We note initially that this case was presented on stipulated facts; therefore, the ore tenus rule is inapplicable. The question then becomes one of determining whether the trial court properly applied the law to the facts. Allsup v. State exrel. Salas, 648 So.2d 597 (Ala.Civ.App. 1994).
This court has held that a parent may not unilaterally reduce court-ordered child support payments when the judgment itself does not provide for a reduction in child support. Earheart v.Mann, 545 So.2d 85, 86 (Ala.Civ.App. 1989); Smith v. Smith,443 So.2d 43, 45 (Ala.Civ.App. 1983). Moreover, past due child support payments are, by law, final judgments that may be collected like any other judgment; consequently, a trial court may not modify, release, or discharge the obligor of past due support once the obligation matures and becomes final under the original divorce judgment. State ex rel. Brown v. Handley,628 So.2d 726, 727 (Ala.Civ.App. 1993); Mann v. Mann,550 So.2d 1028, 1029-30 (Ala.Civ.App. 1989).
The child support provision in the parties' settlement agreement discloses clear and unequivocal terms; they were obviously understood by the father, because he acted upon their requirements without question until July 1989. The fact that one of the children reached the age of 19 at that time only provided a cause for seeking a modification of child support. See Smith, 443 So.2d at 45. See also Owens v. Owens,412 So.2d 820, 822 (Ala.Civ.App. 1982).
Indeed, under Rule 32(A)(ii)(3)(a), Ala.R.Jud.Admin., "[t]he provisions of any judgment respecting child support shall be modified only as to installments accruing after the filing ofthe petition for modification." (Emphasis added). Thus, by that rule, our supreme court has clearly provided that the adoption of the Rule 32 child support guidelines did not change the rule that past due child support becomes a judgment immune from change. Since child support judgments can be modified only as to installments accruing after the filing of a petition to modify, under Rule 32(A)(3)(a), and the father filed no such petition to modify here, the trial court erred in retroactively modifying the child support award.
Let the judgment be reversed and the cause remanded for the entry of a judgment in accordance with this opinion.
The foregoing opinion was prepared by SAM A. BEATTY, Retired Justice, Supreme Court of Alabama, while serving on active duty status as a judge of this court under the provisions of §12-18-10(e), Ala. Code 1975.
REVERSED AND REMANDED.
ROBERTSON, P.J., and THIGPEN, YATES, and MONROE, JJ., concur.
CRAWLEY, J., dissents.