MONROE, Judge.
The parties married in November 1974, and divorced in April 1992. Two children were born of the marriage — a daughter was born in April 1979 and a son was born in February 1989. When the parties divorced, they executed a settlement agreement which the trial court incorporated into its judgment of divorce. The settlement agreement stated, in pertinent part:
“6. CHILD SUPPORT: That the husband shall pay to the wife for the support and maintenance of the minor children of the parties child support as specified according to the Child Support Guidelines. Said child support payments shall begin on the 1st day of the month following the date of the Final Decree of Divorce, which the parties contemplate will be May 1, 1992, and shall continue on the first day of each month thereafter, until such time as the youngest child reaches the age of majority, marries, or becomes self-supporting, at which time said amount shall automatically cease.”
*712 In May 1999, the husband petitioned for the modification of child support, contending that “a material change in circumstances has occurred which warrants a modification of the court’s order; said material change being the marriage of the parties’ oldest child.” The wife contended that the allegations in the husband’s petition did not justify a reduction in child support because there has not been a material change in circumstances.
After a hearing where both the husband and the wife testified, the trial court determined that the husband had failed to meet the burden of proof to sustain his petition for modification of child support and it denied the husband’s petition.
The husband appeals, contending that the trial court erred when it failed to reduce his child support obligation based upon the marriage of the parties’ oldest child.
In Love v. Love, 623 So.2d 315, 317 (Ala.Civ.App.1993), this court stated:
“The modification of a prior divorce judgment based upon changed circumstances of the parties is largely within the discretion of the trial court, and we will disturb the exercise of such discretion only upon a showing of abuse of that discretion, or plain and palpable error.”
It is well settled that a parent does not have a duty to support a minor child after the minor child marries or after the child reaches 19 years of age, the age of majority, unless the child is unable to be self-supporting due to a physical or mental infirmity or unless the parent has been ordered to provide educational support beyond minority. Hunter v. Hulgan, 609 So.2d 5 (Ala.Civ.App.1992); Whitten v. Whitten, 592 So.2d 183 (Ala.1991).
However, “a parent may not unilaterally reduce court-ordered child support payments when the judgment itself does not provide for a reduction in child support.” State ex rel. Howard v. Howard, 671 So.2d 83, 85 (Ala.Civ.App.1995). The fact that one of the children reaches the age of majority or gets married does not automatically modify the non-custodial parent’s child support obligation, but it does provide a cause for seeking modification. State ex rel. Howard, 671 So.2d 83; O’Neal v. O’Neal, 532 So.2d 649 (Ala.Civ.App.1988).
In the present case, the basis for the husband’s petition for modification of child support was that the parties’ daughter, who had reached the age of majority in April 1998, got married in March 1999. The burden of establishing a change of circumstances sufficient to warrant the modification of a child support award is on the moving party. Browning v. Browning, 626 So.2d 649 (Ala.Civ.App.1993).
At the hearing, the husband presented no evidence that the needs of the parties’ minor son justified a reduction in the husband’s child support obligation. Thus, the husband failed to prove a change in circumstances sufficient to warrant a modification.
The dissent states that the trial court denied the husband’s petition to modify because the husband had agreed to pay child support until the youngest child reached the age of majority, married, or became self-supporting and that the trial court ignored the first sentence of the paragraph entitled “6. CHILD SUPPORT ”. In its order, the trial court stated:
“2. That with regard to the issue of modification of child support, the Former Husband testified that the sole grounds for modification were that the oldest child, who reached the age of majority on April 26, 1998, married on *713 March 20, 1999. The only other evidence before the court, by virtue of CS-41, Child Support Income Affidavits, was that the Former Wife’s income has decreased since the last determination of child support and the Former Husband’s income has increased. No evidence was presented with regard to the needs of the remaining minor child. The agreement of the parties, incorporated into this court’s prior decree of divorce, provided that child support shall be payable in the agreed upon amount ‘until such time as the youngest child reaches the age of majority, marries, or becomes self-supporting.’ Again, the agreement of the parties is unambiguous and not subject to interpretation. The court finds that the Former Husband has failed to show any material change in circumstances, not anticipated by the parties’ agreement, which would justify a modification. See Ezell v. Ezell, 486 So.2d 446 (Ala.Civ.App.1986). The threshold issue of material change of circumstances not having been reached, child support is not due to be recalculated pursuant to Rule 32, ARJA. Moore v. Moore, 575 So.2d 95 (Ala.Civ.App.1990); Bobo v. Bobo, 585 So.2d 54 (Ala.Civ.App. 1991); Miller v. Miller, 587 So.2d 374 (Ala.Civ.App.1991). Further, the mere fact that the oldest child has now reached the age of majority and has married does not, in and of itself, provide evidence of a material change of circumstances when child support is payable until such time as the youngest child reaches the terminating event. O’Neal v. O’Neal, 532 So.2d 649 (Ala.Civ.App.1988); State ex rel. Howard v. Howard, 671 So.2d 83 (Ala.Civ.App.1995). Nor was any evidence presented that the needs of the remaining minor child have modified such as would show a material change in circumstances, justifying modification of the agreement to provide the stated amount of support until such youngest child reaches the terminating event. Cox v. Cox, 591 So.2d 90 (Ala.Civ.App.1991); [Hermsmeier] v. McCoy, 591 So.2d 508 (Ala.Civ. App.1991); Dimoff v. Dimoff, 606 So.2d 159 (Ala.Civ.App.1992).
“The Former Husband having failed to meet the burden of proof to sustain his petition for modification of child support, the same is due to be and is hereby denied.”
The trial court based its refusal to modify child support on several factors besides the parties’ agreement: The husband’s only basis for seeking modification was that the parties’ daughter, who had already reached the age of majority, had married. The husband’s income had increased and the wife’s income had decreased. There was no evidence that the needs of the remaining minor child justified a decrease in child support.
As noted above, the trial court found that the husband failed to meet the threshold issue of showing a material change in circumstances sufficient to justify a modification. Specifically, the trial court found that the husband “has failed to show any material change in circumstances not anticipated by the parties’ agreement which would justify a modification.”
In State Dep’t of Human Resources v. Thomas, 615 So.2d 84, 86 (Ala.Civ.App.1992), this court stated:
“Matters relating to child support and its subsequent modifications rest soundly within the discretion of the trial court. Child support actions filed on or after October 9, 1989, although guided by the application of Rule 32 [Ala. R. Jud. Admin.], still are committed to the trial court’s sound discretion.”
(Citations omitted.) See also Savell v. Morris, 623 So.2d 338 (Ala.Civ.App.1993); *714 Ashbee v. Cozart, 611 So.2d 1103 (Ala.Civ. App.1992); Smith v. Smith, 587 So.2d 1217 (Ala.Civ.App.1991). The trial court considered numerous factors in determining that the husband had failed to meet his burden of showing changed circumstances. We do not find that the trial court abused its discretion in making such a determination.
In light of the foregoing, the judgment of the trial court is due to be affirmed.
The wife’s request for attorney fees is denied.
AFFIRMED.
YATES, J., concurs.
ROBERTSON, P.J., concurs in the result.
THOMPSON, J., dissents.
CRAWLEY, J., recuses himself.