William T. Moore appealed to the Court of Civil Appeals from a judgment in which the trial court had refused to modify a child-support award. The Court of Civil Appeals affirmed the judgment. Moore v. Moore, 805 So.2d 710
(Ala.Civ.App. 2000). We granted certiorari review; we reverse and remand.
William T. Moore ("the father") and Mary Frances Boozer Moore ("the mother") were married in 1974; they were divorced in 1992. They have two children, a daughter born in 1979 and a son born in 1989. The 1992 divorce judgment incorporated a settlement agreement executed by the parties. That agreement contained the following provision governing child support:
 "[T]he husband shall pay to the wife for the support and maintenance of the minor children of the parties child support as specified according to the Child Support Guidelines. Said child support payments shall begin on the 1st day of the month following the date of the Final Decree of Divorce . . . and shall continue on the first day of each month thereafter, until such time as the youngest child reaches the age of majority, marries, or becomes self-supporting, at which time said amount shall automatically cease."
The parties submitted the forms and made the calculations required by Alabama's "Child Support Guidelines," Rule 32, Ala. R. Jud. Admin. ("the Guidelines"). The father's child-support obligation for the two children was $588.86 per month.
In May 1999, the father petitioned for a modification of his child-support obligation on the ground that his daughter had married *Page 717 
and that her marriage constituted a material change in circumstances. The mother argued that a modification was not warranted, contending there had been no material change in circumstances. The trial court denied the father's petition.
In its order, the trial court stated that, other than the father's testimony that his daughter had reached the age of majority in 1998 and had married in 1999, the only other evidence the parties presented to the court was evidence indicating that the father's income had increased and that the mother's had decreased. "No evidence was presented with regard to the needs of the remaining minor child," the court said. The court noted that the divorce judgment provided that child support would be payable, in what the court referred to as the "agreed upon amount," until the youngest child reached the age of majority, married, or became self-supporting. The trial court concluded that the father had failed to show any material change in circumstances not anticipated by the parties' agreement as to child support, and, therefore, that it would not recalculate the father's child-support obligation. Further, the court stated, "the mere fact that the oldest child has now reached the age of majority and has married does not, in and of itself, provide evidence of a material change of circumstances when child support is payable until such time as the youngest child reaches the terminating event."
The Court of Civil Appeals affirmed, with a main opinion written by Judge Monroe and joined by Judge Yates. Judge Monroe's opinion recognized well-settled caselaw holding that a parent does not have a duty to support a minor child after that child marries or reaches 19 years of age unless the child is unable to be self-supporting or the parent has been ordered to provide postminority educational support. However, Judge Monroe wrote, "`[A] parent may not unilaterally reduce court-ordered child support payments when the judgment itself does not provide for a reduction in child support.'" 805 So.2d at 712 (quoting State ex rel.Howard v. Howard, 671 So.2d 83, 85 (Ala.Civ.App. 1995)). Judge Monroe and Judge Yates agreed with the trial court that the father had presented no evidence indicating that the needs of the parties' son justified a reduction in the father's child-support obligation and thus that the father had failed to prove a change in circumstances sufficient to warrant a modification. Therefore, they concluded (with one Judge concurring in the result to affirm) that the trial court did not abuse its discretion in refusing to modify the father's child-support obligation.
In a dissenting opinion, Judge Thompson stated that he would affirm the trial court's judgment if the father had agreed to pay a certain amount until the youngest child reached the terminating event. However, he said, the agreement clearly states that the father's child-support obligation was to be calculated "as specified according to the Child Support Guidelines." At the time of the divorce, the father's child-support obligation was based upon the fact that he had an obligation to support two children; but when he petitioned for a modification, Judge Thompson noted, an application of the Guidelines would have been based upon his having only one child to support. Judge Thompson would have reversed the judgment because, he concluded, the trial court did not follow the Guidelines in establishing the father's current child-support obligation. As to the statement in the main opinion that the father had presented no evidence indicating that the son's needs justified a reduction in child support, Judge Thompson pointed out that Rule 32(A), Ala. R. Jud. Admin., creates a rebuttable presumption that a child-support obligation *Page 718 
calculated pursuant to the Guidelines is the correct amount of child support to be awarded. 805 So.2d at 715.
As Judge Thompson noted, this is not a case in which the parties' divorce judgment provided that the father was to pay a specified amount of child support until the youngest of more than one child reached the age of majority, married, or became self-supporting. That was the case inHoward, where an agreement of the parties incorporated into the judgment provided that the father was to pay "for the support and maintenance of the parties' minor children the sum of One Hundred Twenty Dollars ($120.00) per week." 671 So.2d at 84. After the older Howard child reached the age of majority, the father, without a court order reducing the specified amount of child support, began to pay only $60.00 per week. The Court of Civil Appeals held that the terms of the agreement were clear and that the older child's reaching the age of 19 merely provided a basis for the father to seek a modification of his child-support obligation. Id. at 85. Here, the father did not unilaterally reduce his child support, but followed the correct procedure and sought a court order to reduce the support he was paying. The daughter's reaching the age of majority and her marriage were appropriate reasons for the father to seek an order modifying his child-support obligation. Smith v. Smith, 443 So.2d 43 (Ala.Civ.App. 1983).
Rather than agreeing that the father would pay a specified amount of child support, the parties in this case agreed that he would pay "child support as specified according to the Child Support Guidelines." According to the "Schedule of Basic Child Support Obligations" (see the appendix to Rule 32), two factors are used to calculate the amount of the parents' monthly basic child-support obligation, from which a trial court calculates the amount of child support due from each of the parents. The first factor is the parents' combined gross income. The second factor is the number of children due support. Because the older Moore child has reached the age of majority and has married, the parties' monthly basic child-support obligation would be based on the fact that they have only one child to support.
Included in the record is a "Child Support Guideline Form," CS-42, prepared by the mother's attorney on September 10, 1999. Such a form is required in all child-support cases. It reflects a combined monthly gross income of the parties of $5,159 and a "basic child support obligation" of $670 per month. That figure came from the Schedule of Basic Child Support Obligations and apparently was arrived at by finding, in the column styled "combined gross income," the figure closest to $5,159 (i.e., $5,150), then moving across, under the columns styled "number of children due support," to the column for "one child."[1] The father pays $62 per month for the child's health insurance; when that amount was added on Form CS-42 to the $670, the "total child support obligation" was $732. The form indicated that 70% of the total child-support obligation was due from the father, for a total of $512 per month. After the father received credit on Form CS-42 for the $62 health-insurance premium he pays each month for the child, the recommended amount of child support in this case as of *Page 719 
September 10, 1999, calculated according to the Guidelines, was $450 per month.
The figure calculated by using Form CS-42 is accorded a rebuttable presumption that it is the correct amount of child support to be awarded, as Judge Thompson correctly observed. Rule 32(A), Ala. R. Jud. Admin.;Rolen v. Pickering, 628 So.2d 850 (Ala.Civ.App. 1993). Moreover, the Guidelines also provide a rebuttable presumption that an award of child support should be modified if the recommended child-support, as calculated according to the Guidelines, differs more than 10% from the child support a parent presently is paying. Rule 32(A)(3)(b). Even so, we do not suggest here that the trial court must make a child-support award of $450. The parties' incomes probably have changed since the proceedings were conducted in 1999, and those changes will require an updating of the forms required by the Guidelines and a recomputation of the basic child-support obligation. In addition, a trial court can make a child-support award that deviates from the recommended figure as calculated according to the Guidelines, but to support such a deviation the court must make written findings of fact based upon evidence presented to it. Rule 32(A)(1); State Dep't of Human Res. v. J.B.,628 So.2d 889 (Ala.Civ.App. 1993).
In her brief, the mother argues that the present child-support award should not be modified because the parties agreed to deviate from the Guidelines at the time their divorce judgment was entered. The mother states that "they made a conscious decision that the agreed upon amount of child support would continue until such time as the youngest child reached the age of majority, married or became self-supporting." This argument has no merit, for several reasons. First, nothing in the record supports the mother's argument. She "avers" in her brief that the parties had such an agreement, but no such agreement is mentioned in any document filed with the trial court, nor did she mention any such agreement in her testimony. Even if the record before us did contain evidence regarding such an agreement, the mother would not be allowed to use it to vary the plain terms of the agreement that was incorporated into the divorce judgment or the terms of the judgment itself. Croft v. Croft, 513 So.2d 630
(Ala.Civ.App. 1987); Satterfield v. Satterfield, 419 So.2d 601
(Ala.Civ.App. 1982). As we have stated previously, the parties did not agree upon any specific amount of child support to be paid. They simply agreed that any child-support award would be calculated according to the Guidelines. Furthermore, the divorce judgment itself refutes the mother's argument. The judgment appears to have been written on a preprinted form containing boilerplate language and with certain blanks that allow for the trial court to insert some language. The paragraph numbered 5 in that judgment reads:
 "5. That the parties have entered into a fair written agreement, establishing the award of child support made herein, the adequacy of which has been reviewed by the Court and/or a Notice of Compliance form filed in accordance with Rule 32(a)(2), ARJA."
Paragraph 5 continues, but the following wording has been struck through and that change initialed by the trial judge:
 "The reasons stated in the Agreement/Notice of Compliance in rebuttal of the presumption in favor of the guidelines determination of child support are adopted herein as findings of the Court."
The mother also argues that the father's failure to petition for a modification of his child-support obligation when the daughter reached the age of majority *Page 720 
provides support for the mother's interpretation of the agreement — that is, that the parties intended that the initial child-support award not be modified upon any change in the daughter's circumstances. The daughter reached her 19th birthday approximately a year before she married. Although the father cannot receive credit for the child support he paid during that year after she reached age 19, he would have been entitled to seek a modification of his child-support obligation either upon the daughter's attaining the age of majority or upon her marriage.Smith, supra, 443 So.2d at 43. The father's continuing to pay his present child-support obligation for a year before seeking to modify that obligation certainly does not work as a waiver of his right to seek that modification.
Finally, the mother argues that the father is not entitled to a modification because, she says, he did not prove a material change in circumstances. That argument is refuted by the Guidelines. The $450 child-support award presumed correct in this case, based upon a calculation made according to the Guidelines, varies by more than 10% from the existing child-support award of $588.86. Therefore, Rule 32(A) creates a presumption that the child-support award should be modified. As we have stated above, both presumptions created by Rule 32 — that the amount arrived at by application of the Guidelines is correct and that a variation of more than 10% calls for a modification — are rebuttable, but the party contesting the application of the Guidelines, the mother in this case, would have the burden of proving that applying the Guidelines would be manifestly unjust or inequitable. Kellum v.Jones, 591 So.2d 891 (Ala.Civ.App. 1991). From the record before us, we must conclude that the trial court erred in refusing to modify the father's child-support obligation.
We reverse the judgment of the Court of Civil Appeals and remand the cause for that court to instruct the trial court to calculate, according to the Guidelines, the amount of child support due from the father for one child.
The mother has requested an attorney fee; her request is denied.
REVERSED AND REMANDED WITH INSTRUCTIONS.
Moore, C.J., and Houston, Brown, Johnstone, Harwood, Woodall, and Stuart, JJ., concur.
See, J., concurs in the result.
[1] The basic child-support obligation in this case should have been listed on Form CS-42 as $675. That is the amount under the column for "one child" across from the "combined monthly income" figure of income "below" $5,200. The Form CS-42 incorrectly used the amount of $670, which is the amount for one child across from the combined monthly income figure of income below $5,150.