On June 7, 2006, the State of Alabama, on behalf of Camille F. Dix, petitioned the trial court for a modification of Milton B. Scott's child-support obligation. In its petition, the State sought a modification of a February 5, 1993, judgment of the trial court that had ordered Scott to pay $150 a month in child support for the benefit of Scott's minor child. On July 5, 2006, Scott, acting pro se, answered by filing a "financial statement" in the trial court. Following a short, ore tenus hearing, the trial court entered a judgment on August 7, 2006, increasing Scott's child-support obligation from $150 a month to $397.18 a month. Scott timely appealed.
On appeal, Scott, acting pro se, contends that the trial court erred by modifying his monthly child-support obligation absent evidence demonstrating a material change in circumstances. A trial court's decision based on the evidence presented in an ore tenus proceeding regarding the modification of child support pursuant to Rule 32, Ala. R. Jud. Admin., is entitled to a presumption of correctness and will not be reversed absent evidence that the decision was plainly and palpably wrong.Beavers v. Beavers, 717 So.2d 373, 376
(Ala.Civ.App. 1997).
Rule 32 creates a rebuttable presumption that an existing child-support obligation should be modified when the difference between the present obligation and that indicated by the guidelines in Rule 32 is greater than 10%. Rule 32(A)(3)(b), Ala. R. Jud. Admin., states, in pertinent part, that "[t]here shall be a rebuttable presumption that child support should be modified when the difference between the existing child support award and the amount determined by application of these guidelines varies more than ten percent." The burden falls on the party contesting the application of the child-support guidelines to rebut the presumption that child support should be modified by proving that applying the child-support guidelines would be manifestly unjust or inequitable. Exparte Moore, 805 So.2d 715, 720 (Ala. 2001). A trial court may modify a support obligation, even when the 10% variation is *Page 676 
not present, when there has been a material change in the parties' circumstances. Williams v. Braddy,689 So.2d 154, 156-67 (Ala.Civ.App. 1996).
The evidence contained in the record on appeal reveals that, at the time of the hearing in this matter, the child was 17 years old. Scott has been employed by the Alabama Department of Corrections for 28 years. Scott testified at the hearing in this matter that he had not received a pay raise in 10 years; however, he also testified that he had reached the maximum of his salary range 15 years before the hearing. On cross-examination, Scott acknowledged that he had in fact received cost-of-living raises in the last 10 years. Scott testified that he earned a semi-monthly salary of $1,605.40. Scott submitted a CS-41 Child Support Obligation Income Statement/Affidavit form at trial stating that he earned $3,210.80 a month in gross income.
In this case, the trial court's child-support award in the amount of $397.18 varies more than 10% from the previous child-support award of $150. Scott does not challenge the trial court's calculation of child support using the child-support-guideline forms. Contrary to Scott's contention on appeal, Rule 32, Ala. R. Jud. Admin., does not require the State to demonstrate a material change in circumstances given the variation of more than 10% between the trial court's initial child-support award and its latest award of $397.18.
Because the trial court's child-support award made in accordance with the child-support guidelines varies by more than 10% from the original child-support award made by the trial court in this case, the burden was on Scott to demonstrate that the modification of his child-support obligation would be manifestly unjust and in-equitable. See Ex parte Moore, supra. At the final hearing, Scott testified that he was unable to afford an increase in child support because he had not received a pay raise in the past 10 years. However, Scott acknowledged on cross-examination that his employment income had increased after he received cost-of-living pay increases.
Given the presumption that an existing child-support obligation should be modified when the difference between the present obligation and that indicated by the guidelines in Rule 32 is greater than 10%, and the evidence presented by Scott in an effort to rebut that presumption, we cannot say that the trial court erred by modifying Scott's child-support obligation.
AFFIRMED.
BRYAN, THOMAS, and MOORE, JJ., concur.
PITTMAN, J., concurs in the result, without writing.