THOMAS, Judge.
Cynthia J. Corwin (Martin) (“the mother”) and Rocky V. Corwin (“the father”) were divorced in April 1989. They had one child, whose custody was awarded to the mother; the father was ordered to pay $100 per month in child support. The mother remarried in 1992; in August 1994, her husband adopted the child. On July 11, 2007, the mother filed a contempt petition seeking to have the father held in contempt for nonpayment of his child support between April 1989 and August 1994. She sought a $6,200 child-support arrear-age and $2,502.49 in interest on that ar-rearage. After a trial, the trial court denied the mother’s petition. She appeals.
At trial, the mother testified that the father had made no child-support payments between the date of the parties’ April 1989 divorce and the date of the child’s adoption in August 1994. The father presented receipts showing payments to the mother and to the Montgomery Family Court. Although some of the payments the father alleged he had made were made to the mother to pay a hospital bill incurred by the child, the father testified that the mother had agreed to accept those payments in lieu of child-support payments. The father also testified that he had made three cash payments to the mother. The father’s testimony and documentary evidence amounted to proof of payments totaling $3,614. The father admitted, however, that he had not made any payments since October 1992, after, he said, the mother told him she did not need his money anymore because of her remarriage. The father admitted that he did owe an arrearage for the time between the last payment he made in October 1992 and the date of the child’s adoption in August 1994.
The trial court’s judgment denying the mother’s contempt petition reads, in pertinent part:
“These parties were divorced by Order of this Court [on] April 17, 1989. There was one child born of that marriage _Said child has reached adulthood and at the time of trial was age 20. “The [father] was ordered to pay $100 per month in child support pursuant to the Final Decree of Divorce. The [mother] seeks an award of $6,200, plus interest accrued for the last 13 years. The [mother] filed exhibits with her Petition to Show Cause which indicate that the [child] was legally adopted by Robert Martin, to whom the [mother] is married. The date of the adoption was August 22, 1994. The [mother] asserts that the [father] is due to pay her child support for the time period between the date of the divorce and the date that the child was legally adopted.
*1280 “The [mother] also asserts that no child support was ever received by her, nor any payments made on her behalf by the [father] in lieu of child support.
“The [father] produced numerous receipts of money orders made payable to the Family Court of Montgomery County evidencing payments made for child support in 1989, 1990, 1991 and 1992. In addition, the [father] produced a document evidencing the [mother’s] signature on a receipt wherein he paid $300 to the [mother] during this time period. [The mother’s] Exhibit #2 is a document from the Court Payment Center showing that no records were found. Clearly, because no records could be found does not mean that the [father] did not pay child support monies into the system or directly to the [mother] as his receipts evidence.
“A review of the adoption documents submitted by the [mother] does not indicate that any amount of child support arrearage was preserved in the Final Order of Adoption. While it is undisputed that a child support obligation becomes a judgment when due and unpaid, it is well settled that amounts of judgments must be preserved if they are to be collected. Here, the [mother] has failed to preserve any amount of child support arrears, in the form of judgment or otherwise, contemporaneous with the termination of the [father’s] rights at the time of the adoption on August 22, 1994.
“The Code of Alabama, 1975, § 26-10A-29, clearly states that a natural parent is relieved of any further obligation to the adoptee at the time the child is adopted. In other words, parental rights are terminated by adoption prior to or at the time of adoption, and this Court is not aware of any statute which allows termination of parental rights to be reversed.
“The Court notes with interest that the Petition For Adoption filed by the [mother’s] husband states at Paragraph # 8 that the natural father verbally consented to the adoption on April 15, 1992, some two and a half years prior to the adoption of the child in August of 1994.
“It appears that the [father] made child support payments between the time of the divorce and the date of adoption. Whether or not the [father] made all child support payments required of him prior to the adoption cannot be determined. The [the mother’s] testimony that no child support was ever paid nor was any amount paid on her behalf in lieu of child support is not credible. Based on undisputed evidence presented by the [father], he made some, if not all, child support payments.
“Based upon the statutes and the undisputed evidence that the [child] was adopted, the [father’s] rights terminated and no judgment or child support ar-rearage was preserved or perfected contemporaneous with those events, the Court has no alternative but to deny the [mother’s] Petition to recover child support during the years prior to the adoption.”
The mother argues that the trial court erred when it failed to award her the accumulated child-support arrearage. Specifically, the mother challenges the trial court’s reliance on the mother’s “failure to preserve” the arrearage in the 1994 adoption action in the probate court. She relies on the oft-stated principle that child-support payments are judgments on the date that they become due. See Ex parte State ex rel. Lamon, 702 So.2d 449, 450 (Ala.1997); State ex rel. Howard v. Howard, 671 So.2d 83, 85 (Ala.Civ.App.1995); State ex rel. McDaniel v. Miller, 659 So.2d 640, 643 (Ala.Civ.App.1995); Frasemer v. Frasemer, 578 So.2d 1346, 1348 (Ala.Civ. *1281 App.1991); and Endress v. Jones, 534 So.2d 307, 308 (Ala.Civ.App.1988).
The father relies on the principle that, once a child is adopted, the natural parent of that child is “relieved of all parental responsibility” for that child. Ala.Code 1975, § 26-10A-29(b). Both on appeal and at trial, the father relied on the following language from Ex parte Bronstein, 434 So.2d 780, 782 (Ala.1983), construing Ala. Code 1975, 26 — 10—5(b),[1] the predecessor statute to § 26-10A-29(b): “The law is unequivocal. It mandates that upon entry of a final order of adoption, the natural parent is ‘divested of all legal rights and obligations’ .... ” Based on the principle that adoption extinguishes a parent’s responsibilities to and for a child, the father concludes that his responsibility to pay past-due child support was extinguished by the child’s adoption in 1994.
The law clearly supports the mother’s position. Each unpaid child-support payment was a judgment at the time that it became due and could be collected as any other money judgment. Ex parte State ex rel. Lamon, 702 So.2d at 450; Endress, 534 So.2d at 308. The mother was not required to take any steps, in the probate court or otherwise, to “preserve” the child-support arrearage.[2]
Although the August 1994 adoption relieved the father of any further duty to support the child, it did not affect the accrued child-support arrearage in any respect. “[A] trial court may not modify, release, or discharge the obligor of past due support once the obligation matures and becomes final under the original divorce judgment.” Howard, 671 So.2d at 85. A trial court does, however, have the power to allow a parent credit for gifts or other payments made to or on behalf of the child. Ex parte State ex rel. Lamon, 702 So.2d at 450; Frasemer, 578 So.2d at 1348.
Because the trial court erred in determining that the mother’s failure to “preserve” the arrearage in the 1994 adoption action precluded her recovery of the child-support arrearage, we reverse the judgment and remand the cause for the trial court to compute, based on the evidence of record, the amount of the arrearage owed by the father.
REVERSED AND REMANDED WITH INSTRUCTIONS.
THOMPSON, P.J., and PITTMAN and MOORE, JJ., concur.
BRYAN, J., concurs specially, with writing.

. Section 26-10-5(b), at the time Bronstein was decided, read:
"When the final order of adoption shall have been entered, the natural parents of the child, if living, shall be divested of all legal rights and obligations due from them to the child or from the child to them and the child shall be free from all legal obligations of obedience or otherwise to such parents. The adopting parent or parents of the child shall be invested with every legal right in respect to obedience and maintenance on the part of the child as if said child had been bom to them in lawful wedlock, including the right of said adopting parent or parents of inheritance to real estate and to the distribution of personal estate on the death of such adopted child as if said child had been born to them in lawful wedlock, and the child shall be invested with every legal right, privilege, obligation and relation in respect to education, maintenance and the rights of inheritance to real estate and to the distribution of personal estate on the death of such adopting parent or parents as if born to them in lawful wedlock.”

. We note that the mother’s delay in seeking to hold the father in contempt and to secure payment of the arrearage would not preclude her recovery under the doctrine of laches. Ex parte State ex rel. Lamon, 702 So.2d at 451 (citing Davis v. State ex rel. Sledge, 550 So.2d 1034, 1035 (Ala.Civ.App.1989)).