*914
 
 THOMAS, Judge.
 

 This is the second time these parties have been before this court regarding the child-support arrearage owed by Rocky V. Corwin (“the father”) to Cynthia J. Corwin (Martin) (“the mother”).
 
 See Corwin v. Corwin, 5
 
 So.3d 1278 (Ala.Civ.App.2008). In
 
 Corwin,
 
 we reversed the trial court’s judgment denying the mother’s contempt petition, in which she sought the establishment of the child-support arrearage.
 
 Corwin,
 
 5 So.3d at 1281. Our instructions on remand were for the trial court to compute the child-support arrearage owed by the father.
 
 Id.
 

 On remand, the trial court entered a judgment computing the child-support arrearage owed by the father; the judgment determined that the father owed $2,300 in past-due child support, based on a 23-month period of nonpayment of his $100 per month child-support obligation. The mother filed a postjudgment motion in which she argued that the trial court had erred in failing to include interest in the calculation. The trial court denied the mother’s motion, and she appealed.
 
 [1]
 
 The mother argues on appeal that the trial court erred by failing to award her post-judgment interest on the child-support ar-rearage.
 

 Alabama law requires that interest of 12 percent per year be applied to each installment of past-due child support.
 
 T.L.D. v. C.G.,
 
 849 So.2d 200, 204 (Ala.Civ.App.2002) (citing Ala.Code 1975, § 8-8-10). “ ‘[A] trial court with jurisdiction over proceedings to enforce an earlier child-support judgment is without authority to waive the imposition of statutorily imposed postjudgment interest upon such payments.’ ”
 
 T.L.D.,
 
 849 So.2d at 204 (quoting
 
 Walker v. Walker,
 
 828 So.2d 943, 945 (Ala.Civ.App.2002));
 
 see also State ex rel. Pritchett v. Pritchett,
 
 771 So.2d 1048, 1051 (Ala.Civ.App.2000).
 

 “Under Alabama law, child-support payment ‘installments become final judgments as of the date due.’
 
 Oshorne v. Osborne,
 
 57 Ala.App. 204, 206, 326 So.2d 766, 767 (Ala.Civ.App.1976). Because ‘judgments for the payment of money bear interest from the date of rendition’ ‘it follows that such [child-support] judgments would bear interest from due date.’
 
 Osborne,
 
 57 Ala.App. at 206, 326 So.2d at 767. Therefore, to properly calculate interest on an arrearage, one would have to compute the interest due on each installment from its due date.
 
 Id.”
 

 Hollen v. Conley,
 
 840 So.2d 921, 924 (Ala.Civ.App.2002).
 

 The trial court erred by failing to compute, as part of the total amount owed by the father, the appropriate amount of postjudgment interest on the child-support arrearage. We therefore reverse the judgment, and we remand the cause with instructions that the trial court properly compute the father’s child-support arrear-age, including the statutorily mandated interest on each past-due installment.
 

 REVERSED AND REMANDED WITH INSTRUCTIONS.
 

 THOMPSON, P.J., and PITTMAN, BRYAN, and MOORE, JJ., concur.
 

 [1]
 

 . The trial court’s judgment specifically denied the father’s request for a credit against the arrearage. In his brief, the father argues that he should be awarded a credit. However, because the father did not perfect a cross-appeal under Rule 4(a)(2), Ala. R.App. P., the issue is not properly before us and we will not consider his argument.
 
 Robicheaux v. Robicheaux,
 
 731 So.2d 1222, 1224 (Ala.Civ.App.1998).