For a statement of the facts in this case see the opinion of the Court of Civil Appeals, O'Neill v. O'Neill, 420 So.2d 261
(1982).
This Court must determine whether the Court of Civil Appeals was correct under the terms of the Uniform Reciprocal Enforcement of Support Act in upholding the order of the district court modifying the divorce decree of another jurisdiction and terminating periodic alimony payments. We affirm.
 I
In 1951, the Alabama legislature adopted, with only minor changes, the Uniform Reciprocal Enforcement of Support Act (hereinafter URESA). This act was designed to improve and extend the enforcement of duties of support and to make the support laws of adopting states uniform. See Code 1975, §§ 30-4-80 to -98 (1975). Basically, the civil proceedings authorized by the act are designed to provide a simplified, fair and convenient way to compel those who have a duty of support to fulfill their obligation without having to be extradited to another state. Although URESA was amended in 1952 and 1958, and revised in 1968, the last changes made in the Alabama version of that act occurred in 1953. See generally Enforcement of Support, §§ 1-43, 9AUniform Laws Annotated, 547-801 (1979).
The appellant, Nancy O'Neill, asserts that the lower court lacked authority to terminate appellee's obligation to pay periodic alimony to her under a Georgia divorce decree for cohabitating with a member of the opposite sex. As authority, appellant cites § 30-4-93 (b):
 "Any order of support issued by a court of this state when acting as a responding state shall not supersede any previous order of support issued in a divorce or separate maintenance action, but the amounts for a particular period paid pursuant to either order shall be credited against amounts accruing or accrued for the same period under both."
This provision did not appear in the uniform act as originally adopted in 1951, but was added to the provisions of the uniform act in 1952 and added to the Alabama version by the legislature in 1953. While this is the *Page 266 
first time this Court has considered whether a URESA decree can modify a prior order, other jurisdictions adopting the uniform act have interpreted this provision as authorizing the responding state to grant a new order. See Howard v. Howard, 191 So.2d 528
(Miss. 1966); see also Ainbender v. Ainbender, 344 A.2d 263
(Del.Super.Ct. 1975); see generally Note, Uniform ReciprocalEnforcement of Support Act, 20 Washburn L.J. 409, 419 (1981). InHoward v. Howard, the Mississippi Supreme Court held:
 ". . . [T]he original order of support rendered in the court of the initiating state is unaffected by the orders subsequently rendered in another state under the Uniform Act, except to the extent that payments made pursuant to one must be credited against payments accruing or accrued under the other for the same period or periods."
191 So.2d at 531. Because § 30-4-93 (b) was adopted by the legislature as a part of the uniform act, we find the interpretation of this provision by our counterparts in other states as persuasive authority for this Court here. Cf. Ex parteHuguley Water System, 282 Ala. 633, 638, 213 So.2d 799 (1968);Water Works Gas Sewer Bd. of City of Oneonta, Inc. v. P.A.Buchanan Contracting Co., 294 Ala. 402, 405, 318 So.2d 267
(1975). Hence, the decree by the district court terminating periodic alimony payments to appellant constitutes a new order, though the original order granted by the Georgia court remains valid. See Murphy v. Murphy, 395 So.2d 1047, 1049 (Ala.Civ.App. 1981).
The fact that the state of Georgia is not the "initiating state" here and South Carolina is, does not affect Alabama's authority as "responding state" to grant a new order in a URESA proceeding. An "initiating state" can be "[a]ny state in which . . . [a URESA proceeding] . . . is commenced." § 30-4-81 (2). Therefore, we do not interpret URESA to require the "initiating state" to be the same state which issued the original support order. Such an interpretation would be too constricting in view of the fact this act is to be liberally construed to achieve its object. O'Hara v. Floyd, 47 Ala. App. 619, 621, 259 So.2d 673
(1972).
 II
Counsel for Mr. O'Neill contends that a claim for support and a counterclaim seeking modification of an original divorce decree in a URESA proceeding can be treated by the district court as components of a single numbered action and tried together, citingAshworth v. Ashworth, 371 So.2d 924 (Ala.Civ.App. 1979). We agree; therefore, the decision of the Court of Civil Appeals is affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and BEATTY, JJ., concur.