This is an appeal from a petition brought pursuant to the Uniform Reciprocal Enforcement of Support Act. §§ 30-4-83 through -98, Code 1975.
William Barnes appeals from the amended order of the Circuit Court of Calhoun County, Alabama which determined him to be $849.44 in arrears, ordered him to pay $50 per month toward this arrearage, and set the amount of his child support obligation payable in the future at $150 per month.
The parties were divorced in January 1985 by decree of the Virginia Circuit Court for the City of Williamsburg and the County of James City. The Virginia decree awarded custody of the parties' daughter, Stephanie, to the mother. Because the parties had entered into a property settlement previously, the Virginia court specifically retained the right to adjudicate the property interests of the parties. In the interim period, however, the father was ordered to pay $40 per week as child support.
In March 1985 the Virginia court issued a second order dividing the proceeds derived from the sale of the marital home. Pursuant to this order, the Virginia court placed the sum of $23,633.94 in an interest-bearing trust account for the benefit of the parties' child, Stephanie, with the interest to be paid over to the mother periodically for the child's support. The father was ordered to pay the difference between the interest received from the trust account and the sum of $225 per month, as child support, beginning April 1, 1985.
The mother remained in Virginia and the father has moved to Calhoun County, Alabama. The mother initiated proceedings in Virginia under URESA to increase child support and collect an arrearage. After the necessary proceedings in Virginia were completed, the documents required by URESA were then forwarded to the proper authorities in Alabama. Ultimately, as stated above, the Alabama court determined the father's arrearage and ordered him to pay $50 each month toward the arrearage and $150 per month separate and apart and in addition to the amount of interest received from the trust account as child support.
The father first contends that the trial court committed reversible error by admitting into evidence the affidavit of the mother submitted as part of the URESA petition.
The purpose of the URESA proceeding is to provide a simple, fair, and convenient method of enforcing a support obligation without having to extradite the payor *Page 950 
spouse to another state. Ashwood v. Ashwood,371 So.2d 924 (Ala.Civ.App. 1979).
As respects the evidence presented, the Act provides that once the allegations of the petition are denied then the duty is upon the petitioner to prove the claim with legal evidence, because the matters contained in the verified petition were entered ex parte without opportunity for cross-examination and, thus, are inadmissible as legal evidence. O'Hara v.Floyd, 47 Ala. App. 619, 259 So.2d 673 (Ala.Civ.App. 1972). To prove the petitioner's claim, the petitioner may present, for example, an affidavit in support of the petition, depositions, interrogatories, or prior court orders. See,Ex parte Evans, 545 So.2d 81 (Ala.Civ.App. 1989); § 30-4-88(c), Code 1975.
The mother filed, contemporaneously with her URESA petition, a "Petition for Support," a three-page document entitled "Testimony of Petitioner," a "Financial Statement," an affidavit (showing a schedule of payments and establishing an arrearage due in child support), and a copy of both the Virginia divorce decree and the order amending the divorce decree (providing for property division and establishing the parties' child's trust).
At the hearing the father testified and disputed the amount of arrearage that the mother alleged in her petition, the "Testimony of Petitioner" document, and her affidavit.
We find that the determination that the father is $849.44 in arrears is supported by the legal evidence presented by the mother. In other words, the mother's affidavit is acceptable proof of her allegations. Ex parte Evans.
The father next contends that the trial court erred by not allowing the arrearage to be reduced by an amount based on the times that the parties' child was in his custody.
In Alabama all past-due installments of child support create final monied judgments and are immune from change. See,O'Neal v. O'Neal, 532 So.2d 649 (Ala.Civ.App. 1988). The courts of Virginia are in accord. See e.g., Goodpasture v.Goodpasture, 7 Va. App. 55, 371 S.E.2d 845 (1988).
The obligor spouse should not be allowed any credit to offset a child support arrearage unless proof is presented establishing the monetary amount of such credit.O'Neal.
At the hearing the father testified that the child had come to Alabama and stayed with him during July and August 1986 and June through August 1987. However, the record does not show evidence of the amount of such support, if any, that he provided directly to the child.
The mother asserted that the father was $1,123.25 in arrears; the trial court determined the father's arrearage to be $849.44. We can find no error in this determination.
The father last asserts that the trial court erred by setting his future support obligation at $150 per month without a finding of a "material change in circumstances."
The order setting the amount of child support that is payable in the future, pursuant to the URESA, was not a modification of the sister state's divorce decree, but rather was a new order of support. Ex parte O'Neill, 420 So.2d 264 (Ala. 1982). Since no modification was involved, there is no requirement to show a material change in circumstances.
The Alabama court, pursuant to the mother's URESA petition filed in Virginia, entered an order requiring the father to pay $150 per month separate and apart from and in addition to the amount of interest derived from the child's trust, and an additional $50 per month toward the arrearage accrued under the parties' Virginia divorce decree.
The amount of child support to be awarded is to be determined by the needs of the child and the ability of the parent to respond to those needs.
After carefully reviewing the evidence, including the fact that the father presently earns approximately $3,000 per month, and that the costs, such as orthodontic care, associated with raising the child have increased, we find no error. *Page 951 
The foregoing opinion was prepared by Retired Appellate Judge ROBERT P. BRADLEY while serving on active duty status as a judge of this court under the provisions of section12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the judges concur.