These consolidated appeals involve the Uniform Reciprocal Enforcement of Support Act (URESA). Ala. Code 1975, § 30-4-80 et seq.
Deborah Allsup (mother) and J.C. Salas (father) divorced in Florida in October 1983. The divorce judgment provided that the parties were to have "shared parental responsibility" of their two minor children, with the mother having their primary residence and the father having "liberal visitation rights." The parties stipulated that the father had actual and legal custody of the children at the time of these proceedings, and that pursuant to a Florida modification order, the mother was to pay child support.
In May 1993, the father initiated URESA proceedings in New Jersey, alleging that the mother was in arrears in her support obligation. Based upon the mother's residency in St. Clair County, Alabama, the father's petition was forwarded to the St. Clair County District Court. The mother filed an answer and a counterclaim, seeking custody of her children.
In August 1993, the mother filed a motion to transfer the action to the circuit court, alleging that the district court did not have jurisdiction to adjudicate all relevant issues, specifically her counterclaim for a change of custody. The mother's motion was granted. In September 1993, the father filed a motion to dismiss the mother's counterclaim.
The issues were submitted to the trial court on stipulated facts. In November 1993, the trial court entered an order which, in pertinent part, stated:
 "1. [Judgment] is hereby rendered in favor of the [father] and against the [mother] in the amount of $1,750.00 as of February 16, 1993.
 "2. The [mother] is hereby ordered by this Court to pay the sum of $633.00 per month commencing on December 10, 1993 for the current support and maintenance of the said minor children . . . and in addition, the [mother] is to pay $10.00 per month toward the stated arrearage of $1750.00 for a total amount of $643.00 per month. Said amount being derived in accordance with child support guidelines, a copy of which has heretofore been filed with this Court."
That order reserved ruling on the mother's counterclaim for custody.
The mother appealed from that order. In January 1994, the trial court granted the father's motion to dismiss the mother's counterclaim, and the mother appealed. On the *Page 599 
mother's motion, the appeals were consolidated.
We first note that when a case is presented on stipulated facts, the ore tenus rule is inapplicable and this court must determine whether the trial court properly applied the law to the facts. Burton Manufacturing Co. v. State, 469 So.2d 620
(Ala.Civ.App. 1985).
First, the mother contends that the trial court erred in dismissing her counterclaim for custody, because, she argues, her counterclaim for custody may properly be litigated in this URESA proceeding.
The purpose of URESA proceedings is to provide a simple, fair, and convenient method to compel parents who have an obligation of support, to comply with that obligation without requiring extradition to another state. Barnes v. State ex rel.State of Virginia, 558 So.2d 948 (Ala.Civ.App. 1990). "The duty of support is the gist and brunt of the litigation in the responding state." O'Neill v. O'Neill, 420 So.2d 261,263 (Ala.Civ.App.) aff'd, Ex parte O'Neill, 420 So.2d 264 (Ala. 1982). A court hearing a URESA petition is not authorized by statute to determine issues arising from the judgment of divorce unless they are determinative of a parent's duty of support. State exrel. Van Buren County Department of Social Services v. Dempsey,600 So.2d 1019 (Ala.Civ.App. 1992).
The mother's reliance on Ashwood v. Ashwood, 371 So.2d 924
(Ala.Civ.App. 1979), to support her position that her counterclaim was proper in a URESA proceeding, is misplaced. InAshwood, the State of Pennsylvania filed a URESA petition on behalf of Myrtle Ashwood in the Circuit Court of Calhoun County. The father, who lived in Anniston, Alabama, filed an answer and a counter-petition seeking custody of the parties' children. The URESA petition and custody issue were tried as components of a single proceeding. On appeal, this court held that although the circuit court lacked subject matter jurisdiction over the URESA petition because such jurisdiction is vested by statute in the juvenile court, the Circuit Court of Calhoun County had continuing jurisdiction to modify its previous divorce judgment. Thus, the circuit court's jurisdiction over the custody issue in Ashwood was based upon that court's continuing jurisdiction of its earlier divorce judgment. In the present case, the trial court lacked subject matter jurisdiction over the mother's claim; therefore, it was properly dismissed.
Next, the mother contends that the trial court erred in establishing child support at a higher amount than had been previously ordered by the Florida court.
Orders entered pursuant to the URESA, setting child support at a higher rate than that previously ordered by another state, have been upheld when it was determined that the increase was not a modification of the sister state's order, but is an entirely new order of support. Barnes, supra. The remedies provided by URESA "are in addition to and not in substitution for any other remedies." Ala. Code 1975, § 30-4-98. Therefore, the judgment rendered pursuant to URESA did not effectively modify or supersede the Florida judgment. The Alabama URESA order was an additional order, separate and apart from the Florida child support order. It was based upon "the needs of the [children] and the ability of the parent to respond to those needs." Barnes at 950. After reviewing the record, including financial information concerning both parties, we cannot say that the trial court erred in its support award.
Last, the mother contends that the trial court erred in ordering a support amount consistent with the Rule 32, Ala.R.Jud.Admin., guidelines. Specifically, she argues that the trial court should have deviated from the guidelines because she presented undisputed evidence regarding her inability to pay that amount. She argues that she averred circumstances in her answer and counterpetition, which the father did not contradict, that might be relevant to her ability to pay, and to the needs of these children.
The mother correctly asserts that in determining whether to deviate from the guidelines, a court may consider expenses associated with other children in order to rebut the presumption that the award resulting *Page 600 
from the application of the guidelines is the correct amount.Loggins v. Houk, 595 So.2d 488 (Ala.Civ.App. 1991). The mother's contentions regarding her other children, however, fail to disclose additional expenses associated with those children, or whether she is receiving any support for those children. Likewise, she presented no evidence of the effect the father's assets have on the needs of these children. The trial court did not find that a deviation from the guidelines was warranted, and there is insufficient evidence to justify a deviation. Rule 32, Ala.R.Jud.Admin.
Based on the foregoing, we affirm the trial court's judgment.
AFFIRMED.
ROBERTSON, P.J., and YATES, J., concur.