MONROE, Judge.
This is a child support case.
Dorothy Snell Killingsworth and Floyd Lamar Snell were divorced in 1984. Killings-worth was awarded custody of the parties’ three children, who were nine, seven, and five years old at the time of the divorce. Snell originally was ordered to pay a total of $75 a month as child support for the children. Modifications were ordered periodically, and in April 1989, the trial court ordered Snell to *621 pay $230 a month in total child support, apparently in accordance with the child support guidelines set forth in Rule 32, Ala. R. Jud. Admin. The trial court did not designate an amount of child support attributable to each child.
In April 1995, the State of Alabama intervened, claiming that Snell was $2,360 in arrears in his child support payments. Snell responded that the arrearage claimed by the state related to a child who had reached the age of emancipation; therefore, he said, no support was due. Snell also said that the oldest child had resided with him for a time and he argued that he should receive a credit for his support of that child during that time. The trial court held a hearing in which no evidence was taken; however, the attorneys for the parties presented statements of fact and made their arguments to the court. The trial court then entered an order in which it found that “there is no arrearage because one of the children had reached nineteen years of age in October 1992.” The order was silent as to whether Snell should receive a credit for child support for the time one child was said to be residing with him. We recognize that if the oldest child was nine years old in 1984, when the divorce was granted, the child could not have been 19 in October 1992. The oldest child’s birth date is listed as March 26, 1974. The child’s age is not an issue on appeal, however. The court dismissed the case with prejudice. The state appeals.
A parent may not unilaterally reduce court-ordered child support payments when the judgment does not provide for a reduction in child support. Earheart v. Mann, 545 So.2d 85, 86 (Ala.Civ.App.1989); Smith v. Smith, 443 So.2d 43, 45 (Ala.Civ.App.1983). In those cases in which the order establishing the amount of child support to be paid does not designate a specific amount for each child, events such as a child’s reaching the age of majority or a child’s marriage may be considered if a party seeks a modification of child support payments; however, “neither [event] automatically modifies a child support judgment.” Alred v. State ex rel. Hill, 603 So.2d 1082 (Ala.Civ.App.1992); see also Smith, 443 So.2d at 45 (Ala.Civ.App.1983). “Child support judgments can be modified only as to installments accruing after the filing of a petition to modify, under Rule 32(A)(3)(a).” State ex rel. Howard v. Howard, 671 So.2d 83, 85 (Ala.Civ.App.1995). “[PJast due child support payments are, by law, final judgments that may be collected like any other judgment; consequently, a trial court may not modify, release, or discharge the obligor of past due support once the obligation matures and becomes final under the original divorce judgment.” Id.
In this ease, Snell was ordered to pay $230 a month in child support for the parties’ three children. The order did not designate a specific amount attributable to each child. Snell did not file a petition to modify child support after his oldest child reached the age of majority. Instead, he unilaterally reduced the amount of child support he was paying. Therefore, when the State intervened in April 1995, Snell was in arrears as to his child support payments. The trial court erred in ruling that Snell was not obligated to pay the arrearage.
Although the judgment of the trial court did not mention whether Snell was entitled to credit for support he provided while one of his children resided with him, we note that the award or denial of such a credit against child support is within the sound discretion of the trial court. Phillippi v. State ex rel. Burke, 589 So.2d 1303 (Ala.Civ.App.1991). However, the party seeking the credit against an arrearage must present proof as to the amount of the credit sought. Id.
The judgment of the trial court is reversed and the cause is remanded.
REVERSED AND REMANDED.
ROBERTSON, P.J., concurs.
THIGPEN, J., concurs specially.