[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 1198 
The trial court divorced Shirley Hilyer Ratliff and William Albert Curran, Jr., in February 1987 and, pursuant to an agreement of the parties, awarded the parties joint custody of their two minor children and ordered Curran to pay $300 per month as support for the two children. The divorce agreement further provided that Ratliff and Curran share equally the children's medical and dental expenses. In May 1987, Curran remarried and moved to Columbus, Georgia; in November 1989, Curran and his new wife moved to South Carolina. Ratliff and the children remained in Alabama.
In October 1990, Curran wrote a letter to the Alabama court, requesting a reduction of his child support obligation, stating that his 17-year-old daughter had married in the previous month. The court did not respond to his request; Curran unilaterally reduced his child support payments to $150 per month.
In 1992, Ratliff petitioned the Alabama court for a rule nisi, alleging that Curran was $5,000 in arrears in medical and dental expenses payable pursuant to the 1987 divorce judgment. She also sought to have the child support obligation "for the remaining child under the age of 19" increased to $300 per month and sought payment of her attorney fee and court costs. Attempts were made to serve Curran by certified mail, but the mail was returned as "unclaimed." Ratliff's attorney subsequently filed an affidavit stating that Curran's "whereabouts and residence [are] unknown"; service on Curran was perfected by publication. On October 7, 1992, the court: (1) found that Curran was $5,000 in arrears in medical and dental expenses and entered a judgment for that amount; (2) increased child support payments for the son to $300 per month, commencing November 1, 1992; and (3) ordered Curran to reimburse Ratliff $615 for her attorney fees and court costs.
In March 1993, the Lee County Department of Human Resources (DHR) filed a petition in South Carolina under the Uniform Reciprocal Enforcement of Support Act (URESA), pursuant to § 30-4-80 et seq., Ala. Code 1975. The petition, which stated that as of February 1993, Curran was $5,600[1] in arrears, sought "payment of arrearage; enforcement of the current support order; medical coverage; and payment of costs and attorneys' fees."
Pursuant to the URESA petition, the South Carolina court, in August 1993, ordered Curran to pay $200 per month in child support, beginning September 1993. The court stated that it had jurisdiction over the subject matter and the parties and that it had considered the financial needs of the child; the financial condition and earning capacity of the parents; and the father's ability to make support payments. The record *Page 1199 
shows that Curran complied with this order and paid, from September 1993 through May 1995, $200 per month child support. In June 1995, the South Carolina DHR notified the South Carolina court that the child had reached the age of 18 and it moved the court to dismiss the case. On June 26, 1995, the South Carolina court dismissed the case "without prejudice to the rights of either party."
On January 3, 1996, the State of Alabama, on behalf of Ratliff, filed in the Alabama court a contempt petition for nonpayment of child support, stating that in October 1992, Curran had been ordered to pay $300 per month beginning in November 1992 and that as of July 31, 1995, Curran was $4,194 in arrears and, further, that Curran had failed to pay "any of the $5,000 owed for the medical judgment on October 7, 1992." On that same date, the State also petitioned to modify the October 1992 judgment, seeking post-minority support. On February 15, 1996, Curran moved to set aside the October 1992 judgment, stating that he had not been "served with proper notice and an opportunity to be heard."
After a hearing, the court ordered the parties to brief the questions why the 1992 default judgment should be set aside and why the South Carolina order should not be considered a modification and, therefore, be fully binding and honored by the Alabama court in reference to its original order. On September 13, 1996, the court found Curran in arrears in child support and payment for medical bills in the amount of $6,944 plus $2,847 interest. After the denial of the parties' postjudgment motions, the State appealed, contending that the court erred in reducing the arrearage and interest owed; Curran cross-appealed, contending that the court erred in denying his motion for relief from the 1992 default judgment.
Under the ore tenus rule, a presumption of correctness exists as to the trial court's findings of fact. The trial court's judgment will not be disturbed unless it is clearly erroneous, without supporting evidence, manifestly unjust, or clearly against the weight of the evidence. Griggs v. DriftwoodLanding, Inc., 620 So.2d 582, 586 (Ala. 1993). Additionally, matters concerning child support rest within the sound discretion of the trial court, and the trial court's judgment will not be reversed absent a showing of abuse of that discretion. State, ex rel. State Dep't of Human Resources v.Orr, 635 So.2d 1, 3 (Ala.Civ.App. 1994).
The State contends that Curran owed an arrearage totaling over $20,000, which included: a $5,000 judgment relating to medical and dental expenses, plus $2,000 interest on that judgment; and a $9,744 arrearage in child support payments not made between March 1987 and December 1995, plus $3,281.55 interest on that amount. The State argues that a parent cannot unilaterally reduce child support payments and that even if the daughter had become emancipated, it was improper for Curran to simply reduce by one-half the amount he had been ordered to pay, and that Curran's duty of support continued to be $300 per month.
There is no question that, absent a court order, Curran had no authority to reduce his child support payments to $150 per month after learning that his 17-year-old daughter had married.Earheart v. Mann, 545 So.2d 85, 86 (Ala.Civ.App. 1989). When the order establishing the amount of child support to be paid does not designate a specific amount for each child, events such as a child's reaching the age of majority or a child's marriage do not automatically modify a child support judgment.State ex rel. Killingsworth v. Snell, 681 So.2d 620, 621
(Ala.Civ.App. 1996); Hamilton v. Phillips, 494 So.2d 659, 661
(Ala.Civ.App. 1986).
"The purpose of the URESA proceeding is to provide a simple, fair, and convenient method of enforcing a support obligation without having to extradite the payor spouse to another state."Barnes v. State ex rel. State of Virginia, 558 So.2d 948, 949
(Ala.Civ.App. 1990). A URESA action is not brought to modify, overcome, or replace an order of child support in a divorce judgment. State ex rel. Van Buren County Dep't of SocialServices v. Dempsey, 600 So.2d 1019, 1023 (Ala.Civ.App. 1992). Further, "[t]he remedies provided by URESA 'are in addition to and not in substitution for any other *Page 1200 
remedies.' " Allsup v. State ex rel. Salas, 648 So.2d 597, 599
(Ala.Civ.App. 1994), quoting § 30-4-98, Ala. Code 1975.
South Carolina's order, as the "responding state" pursuant to the URESA petition, was not a modification of the 1987 divorce order, but a new order of support. Allsup, supra. There being no modification, the 1987 divorce judgment remained in effect.Murphy v. Murphy, 395 So.2d 1047, 1049 (Ala.Civ.App. 1981). Curran's compliance with the South Carolina order did not negate his arrearage or his responsibilities under the divorce judgment. "Any modifications to the divorce judgment and support obligations must be made by the circuit court with jurisdiction over the divorce judgment." Wearb v. Luks,708 So.2d 181 (Ala.Civ.App. 1997); Ex parte O'Neill, 420 So.2d 264
(Ala. 1982). Further, "[t]he order of support in a case of reciprocal support does not in any manner 'supersede,' overcome or replace an order of child support in a divorce case." Willisv. Levesque, 402 So.2d 1003, 1004 (Ala.Civ.App. 1981).
We conclude that the trial court did not properly calculate the arrearage and interest owed under the 1987 divorce judgment. Curran was required to pay $300 per month child support until his children reached age 19 or the court modified the support order. See § 26-1-1, Ala. Code 1975. Curran's daughter was emancipated as a result of her marriage in September 1990; however, as previously stated, this fact did not automatically modify his support obligation. Hamilton,supra. Further, Curran's son, born on December 8, 1976, did not attain the age of majority until December 1995. Although the South Carolina order of June 1995 relieving Curran of his payments and arrearage in June 1995 relieved him of his child support obligation because "the only child in this case is 18 and has graduated from high school," the age of majority in Alabama is 19 and Curran was required to make child support payments until December 1995. § 26-1-1, Ala. Code 1975. The judgment as to the arrearage amount is reversed and the case is remanded for the trial court to recalculate the arrearage, and interest thereon. Curran is entitled to credit for the payments made under the URESA order against any amount that the trial court determines he owes. See Wearb, supra.
Curran contends on cross-appeal that the court erred in denying his motion to set aside the 1992 default judgment, arguing that a single attempt to serve him by certified mail does not constitute "reasonable diligence" to warrant publication, as required under Rule 4.3, Ala. R. Civ. P. Curran further argues that the affidavit filed by Ratliff's attorney was deficient in that it failed to allege that Curran's whereabouts could not be found through reasonable diligence.
Rule 60(b)(4), Ala. R. Civ. P., provides relief from a final judgment where the court that rendered it lacked jurisdiction over the subject matter or over the parties. The denial of relief under Rule 60(b) is within the discretion of the trial court and will not be disturbed on appeal absent evidence of abuse of discretion. Bieber v. Bieber, 623 So.2d 1163, 1165
(Ala.Civ.App. 1992). However, when the grant or denial of relief depends on the validity of the judgment, abuse of discretion is not the appropriate standard of review. Id. If the judgment is valid it must stand; if it is void, it must be set aside. Id. The trial court did not abuse its discretion in denying Curran's motion.
When the residence of the defendant is known, Rule 4.3(b), Ala. R. Civ. P., requires the plaintiff to attempt service by other means before publication can be used. Rule 4.2 provides that out-of-state service may be accomplished through certified mail and by a process server. Where the identity or residence of a defendant is unknown, Rule 4.3(d)(1) provides that an affidavit of a party or the party's counsel must be filed with the court averring that service of summons or other process cannot be made because the residence is unknown to the affiant and cannot with reasonable diligence be ascertained.
The record reflects that Curran and his new wife have lived at 322 Indigo Road, Goose Creek, South Carolina, since November 1989. Curran did not notify his children of his new address; however, Ratliff obtained the address from Curran's mother before the 1992 judgment. On June 8, 1990, and June *Page 1201 
19, 1990, the children mailed letters to Curran at the Indigo Road address. Curran admits that he had received these letters. Ratliff testified that notice of the rule nisi petition was sent to Curran by certified mail to his Indigo Road address and that after three attempts, the mail was returned "unclaimed." Ratliff's attorney then filed an affidavit with the court stating that Curran's whereabouts were unknown and the notice was published in the Opelika-Auburn News on June 3, 10, 17, and 24, 1992.
Under the circumstances, we cannot say that Ratliff did not utilize due diligence in trying to ascertain Curran's address or that she was required to take any additional steps to locate Curran. The notice was sent to the address that Ratliff and the children had used for the two years before the 1992 action; when it was returned unclaimed, it was proper for her to conclude that Curran's "whereabouts were unknown." The affidavit accurately stated the circumstances. Rule 4.3(d)(1);Lester v. Lester, 628 So.2d 663 (Ala.Civ.App. 1993). As to this issue, the judgment is affirmed.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and MONROE, CRAWLEY, and THOMPSON, JJ., concur.
[1] Curran had continued to pay $150 per month as child support; the $5,600 figure apparently was composed of the $5,000 medical and dental expenses arrearage and the additional $150 per month owed for the months of November and December 1992 and January and February 1993.