While I concur in the affirmance of the trial court's reduction of the father's obligation to pay child support I do so solely because Rule 32(A)(3)(a) Ala.R.Jud.Admin., permits a trial court to modify child support installment payments "accruing after the filing of the petition for modification." (emphasis added). Thus, it was the father's petition to modify that placed the mother on notice that the child support installments she received while the petition to modify was pending were subject to retroactive reduction.
However, because the father's original child support obligation was not broken down into specific amounts for each of the parties' two daughters, any knowledge that the mother may have had that the older daughter had attained the age of majority was immaterial. The father's duty to pay $600 per month persisted until he petitioned for, and received, a judgment modifying his support obligation. "When the order establishing the amount of child support to be paid does not designate a specific amount for each child, events such as a child's reaching the age of majority or a child's marriage do not automatically modify a child support judgment." State ex rel. Dep't of Human Resourcesex rel. Ratliff v. Curran, 716 So.2d 1196, 1199 (Ala.Civ.App. 1997).