42 So.3d 743 (2009)
Bridget T. HARTLEY
v.
Curtis C. HARTLEY.
2080240.
Court of Civil Appeals of Alabama.
August 28, 2009.
As Modified on Denial of Rehearing January 8, 2010.
*744 Karen H. Jackson, Prattville, for appellant.
Andrew W. Tampling, Jr., Prattville, for appellee.
THOMPSON, Presiding Judge.
Bridget T. Hartley ("the mother") appeals from the trial court's judgment retroactively reducing the child-support obligation of Curtis C. Hartley ("the father"), which was established in a 2001 judgment divorcing the parties ("the 2001 judgment"), and forgiving the father's child-support arrearage.
In the 2001 judgment, the mother was awarded sole physical custody of the parties' two children, and the father was ordered to pay the mother child support in the amount of $677 each month. The 2001 judgment did not specify an amount to be paid as to each child. The parties' older child reached the age of majority in October 2004. At that time, the father unilaterally reduced his monthly child-support payments to $338.50. The mother said she did not agree to the father's reduction in the child-support payments, but, she said, she could not afford to hire an attorney at that time.
In June 2008, the mother registered the 2001 judgment containing the child-support order with the Autauga County Department of Human Resources' Child Support Enforcement Unit. Shortly afterward, on June 13, 2008, the father filed a petition to modify the 2001 judgment, seeking custody of the parties' younger child and a modification of child support.
At the hearing on the modification petition, the father acknowledged that he had unilaterally reduced his child-support payment as of October 2004 because that was when the older child had reached the age of majority. The trial court agreed that, at that time, child support for the older child terminated "as a matter of law" and the father no longer had to pay support for the older child. At the hearing, the trial court told the parties that
"[t]he child support on that child, on the child born on October 4, 1985, terminated by operation of law upon reaching age of majority. That terminated. So what we have to decideThat didn't relieve his child support obligation. His child-support obligation may have still been [$]677. There's no way to know that without knowing what the incomes of the parties were at that time. I need to know what his income was at that time and what her income was at that time. It cannot be disputed that the child support for the oldest child terminated without anybody having to do anything under operation of law on the day [the older child] turned age of majority. Now, there was a continuing obligation as to the one [younger] child. The question is what was his support obligation after that?"
In an October 3, 2008, judgment, the trial court determined that under the Rule 32, Ala. R. Jud. Admin., guidelines, the father's monthly child-support payment for the younger child would have been $321. The father had been paying $338.50 each month since October 2004. Therefore, the trial court found, not only was the father not in arrears, as the mother had contended, but the father "has made child support payments in excess of the payments which would have been required had child support been modified pursuant to Rule 32, [Ala. R. Juv. P.]." Additionally, pursuant to an agreement between the parties, the father was awarded legal and physical custody of their younger child. The trial court ordered the mother to pay the father $165 in child support each month.
*745 The mother contends that the trial court erred in allowing the father to reduce unilaterally the child-support obligation established in the 2001 judgment and in forgiving the arrearage accumulated between October 2004, when the father stopped making the full child-support payment, and June 2008, when the father filed his petition to modify child support. We agree.
"When the order establishing the amount of child support to be paid does not designate a specific amount for each child, events such as a child's reaching the age of majority or a child's marriage do not automatically modify a child support judgment. State ex rel. Killingsworth v. Snell, 681 So.2d 620, 621 (Ala. Civ.App.1996); Hamilton v. Phillips, 494 So.2d 659, 661 (Ala.Civ.App.1986)."
State ex rel. Dep't of Human Res. v. Curran, 716 So.2d 1196, 1199 (Ala.Civ.App. 1997). In Woods v. Woods, 851 So.2d 541 (Ala.Civ.App.2002), this court concluded that, because the divorce judgment set forth a single figure for the amount of monthly child support to be paid for two children, rather than specifying an amount of support for each child, "one child's obtaining the age of majority did not work to automatically terminate the husband's child-support obligation" as to that child. Id. at 548, citing State ex rel. Dep't of Human Res. v. Curran, 716 So.2d at 1197.
Furthermore, as the mother correctly points out, it is well settled that child-support payments that mature or become due before the filing of a petition to modify are not modifiable. Ex parte State ex rel. Lamon, 702 So.2d 449 (Ala.1997). A child-support obligation may be modified only as to installments that accrue after the filing of a petition to modify the child-support obligation. Rule 32(A)(3)(a), Ala. R. Jud. Admin. See also Woods v. Woods, 851 So.2d at 547-48; Stinson v. Stinson, 729 So.2d 864 (Ala.Civ.App.1998) (affirming a judgment terminating a noncustodial parent's obligation to pay child support as of the date of the filing of the petition to modify, where the child reached the age of majority approximately 10 months before the noncustodial parent filed his petition to modify).
In this case, the 2001 judgment provided that the father "shall continue to pay child support to [the mother] in accordance with the Pendente Lite Orders[1] issued in this case; payment shall be in the amount of six hundred and seventy-seven dollars and shall be due by the 15th day of each month; said amount is in compliance with Rule 32 of the Alabama Rules of Judicial Administration." The 2001 judgment did not designate separate amounts of child support for each child, and it did not contain a provision indicating when the obligation would end. Therefore, the father's monthly child-support obligation of $677 as set forth in the 2001 judgment could not be automatically modified when the older child reached the age of majority. The full amount of the child-support obligation continued to mature each month, and the trial court could not properly forgive the difference between the amount of child support the father was paying and the amount due each month until the date the father filed his petition for modification. Accordingly, the trial court erred in retroactively modifying the father's child-support obligation effective on the date the older child reached the age of majority.
For the reasons set forth above, the judgment of the trial court is due to be reversed and the cause remanded for the trial court to determine the father's arrearage *746 and to enter a judgment consistent with this opinion.
REVERSED AND REMANDED.
PITTMAN and THOMAS, JJ., concur.
BRYAN, J., concurs in the result, with writing, which MOORE, J., joins.
BRYAN, Judge, concurring in the result.
I believe that it is against the well-established law of this State to require an obligor parent to pay child support that accrues after the date that the child attains the age of majority. However, in the event that a single award of child support has been made for the benefit of more than one child, current caselaw and Rule 32, Ala. R. Jud. Admin., appear to require an obligor parent to request a modification of child support once a minor child attains the age of majority.
There is no question that a child's right to support terminates at the time the child reaches the age of majority, which, in Alabama, is at the age of 19. See Ex parte University of South Alabama, 541 So.2d 535, 538 (Ala.1989) ("A child has [a] fundamental right to financial support until its majority or death or a legal termination of parental rights."); Hawkins v. Cantrell, 963 So.2d 103, 106 (Ala.Civ.App.2007) ("`All minor children have a fundamental right to parental support and that right is deemed to be a continuing right until the age of majority.'" (quoting Ex parte State ex rel. Summerlin, 634 So.2d 539, 541 (Ala.1993))); and § 26-1-1, Ala.Code 1975. See also Ex parte Cohen, 763 So.2d 253, 255 (Ala.1999) (noting that only two exceptions apply to the general rule that a parent has no duty "`to provide support for a child who has reached the age of majority'": (1) when an adult child who is mentally disabled cannot support himself, or (2) when an "`application for post-minority educational support is made before the child reaches the age of majority.'" (quoting Cohen v. Baker, 763 So.2d 248, 252 (Ala.Civ.App.1998))).
The Alabama Supreme Court's decision in Ex parte Bayliss, 550 So.2d 986 (Ala. 1989), also supports the proposition that a child's right to support automatically terminates at the moment the child attains the age of majority. In Bayliss, our supreme court empowered the trial courts to award postminority educational support to a child of divorced parents if the application for postminority support is made "before the child attains the age of minority." Id. at 987 (emphasis added). We have strictly adhered to this standard and have reversed orders awarding postminority educational support when the application for such support was made after the child had attained the age of majority. See Lolley v. Yarborough, 643 So.2d 1009 (Ala.Civ.App. 1994). See also Floyd v. Abercrombie, 816 So.2d 1051, 1054-55 (Ala.Civ.App.2001). This line of cases tends to support the conclusion of the trial court that, in Alabama, a child's right to support automatically ends, "as a matter of law," upon the attainment of the age of majority.
The majority cites Ex parte State ex rel. Lamon, 702 So.2d 449 (Ala.1997), to support the conclusion that a parent is required to pay child support for a child beyond the date that that child attains the age of majority if there is a single award of child support for more than one child and the obligor parent fails to file a timely petition to modify the child-support order. However, Lamon itself does not provide for such an outcome. In Lamon, the supreme court held that "child support payments become final judgments on the day they are due and may be collected as any other judgment is collected; and that payments that mature or become due before the filing of a petition to modify are not *747 modifiable." 702 So.2d at 450-51 (emphasis added). The facts of Lamon are distinguishable from the facts of the present case because the child at issue in Lamon was a minor at all times relevant to that case. If there is no question that, generally, a child's right to support terminates at the moment the child attains the age of majority, then child-support payments no longer "mature or become due" once a child attains the age of majority. Lamon, therefore, does not support a holding that requires a parent to pay an arrearage of child-support payments that have accrued after a child has attained the age of majority.
I should note that I do not support an obligor parent's unilaterally reducing a child-support payment simply because a minor child has attained the age of majority. The primary purpose for this writing is to point out what I believe to be two disparate lines of cases. On the one hand, we have well-settled caselaw, cited above, that declares that, generally, a parent has no duty to provide support for a child who has attained the age of majority. See Ex parte Bayliss, Ex parte University of South Alabama, Hawkins v. Cantrell, and Ex parte Cohen, supra. On the other hand, there are cases such as Woods v. Woods, 851 So.2d 541 (Ala.Civ.App.2002), and Stinson v. Stinson, 729 So.2d 864 (Ala. Civ.App.1998), cited by the majority, that require an obligor parent to make child-support payments for a child after that child has attained the age of majority simply because the obligor parent failed to file a timely petition to modify.[2] The issue in this case exposes an important dichotomy that affects parents and children involved in the child-support system in this State and should be resolved at some point.
As the law now stands, an obligor parent may be required to make child-support payments for a "child" that has long since attained the age of majority. My concern is, when does it end? Taken to its extreme, an obligor parent's responsibility for a child may never end if that obligor parent does not take some affirmative action with the court to end the obligation. I believe that the current child-support system, including the provisions of Rule 32, were never meant to penalize an obligor parent by requiring them to pay child support for a child that has reached the age of majority.
MOORE, J., concurs.
NOTES
[1] The pendente lite orders previously entered in the initial divorce action were not included in the record on appeal in this modification action.
[2] There are a myriad of reasons why an obligor parent may not file a timely petition to modify their child-support obligation once one child attains the age of majority, including lack of funds to hire an attorney and file a petition with the court, the cost of filing a petition with the court, or the inability of the obligor parent to personally file the petition due to some type of incapacitation.