PITTMAN, Judge.
 

 This appeal arises from a judgment of the Mobile Circuit Court (“the Alabama court”) declining to allow the State of Alabama, proceeding on the relation of Betty Dunn (“the mother”), to garnish the wages of Van Wilson Dunn (“the father”) in order to satisfy a child-support arrearage claimed by the State to exist pursuant to a 1987 judgment of that court divorcing the parties and a 1994 order of that court finding the father to be in contempt for nonpayment.
 

 During the marriage of the father and the mother, the mother bore two children, one in 1976 and one in 1983. The mother and the father were divorced by the Alabama court in 1987; under that court’s judgment, the father was directed to pay child support in the amount of $80 per week to the mother. The father thereafter moved to Florida. After the mother had assigned her rights to collect child support to the Mobile County Department of Human Resources, a civil action seeking establishment of an order of support and assessment of an arrearage against the father was ultimately brought in the Fifteenth Circuit Court of Florida (“the Florida court”) by the mother and the State of Florida’s Department of Health and Rehabilitative Services pursuant to the terms of the former Uniform Reciprocal Enforcement of Support Act (“URESA”), a uniform act that was in force in both Alabama and Florida at the time.
 
 See
 
 Ala.Code 1975, § 30-4-80 et seq. (repealed), and
 
 *23
 
 Fla. Stat. Ann. § 88.011 et seq. (repealed).
 
 [1]
 
 The Florida court, in February 1992, entered a judgment ruling that the father was to pay child support in the amount of $54 per week to the clerk of that court, although no arrearage was determined by that court.
 

 Subsequently, in October 1994, the State of Alabama, on the relation of the mother, filed the first of two contempt actions in the Alabama court seeking, among other things, a declaration that the father’s child-support payments were in arrears and that a total amount of over $30,000 was owed. That contempt action was assigned case no. DR-87-500090.01. In December 1994, the Alabama court entered an order finding the father to be in contempt, awarding the State a judgment in the principal amount of $18,793.97, reserving the issue of interest for a later determination, and issuing a writ of arrest directed to the father pending his payment of $10,000 to purge himself of contempt. The father was not arrested, and no further orders or filings appear to have taken place in the first contempt action for more than 10 years.
 

 It appears from the record that, at some point after the rendition of the Florida court’s URESA judgment, the Florida court determined the father to be delinquent in meeting his support-payment obligations under that judgment. Based upon that failure to pay, a “certificate of delinquency” equivalent to a final judgment was filed in the official records in Florida. The record in this appeal contains a document, dated November 25, 2002, indicating that that delinquency judgment was satisfied by full payment by the father of all delinquent support, costs, and fees.
 

 The record further indicates that, in September 2008, the State of Alabama, again on the relation of the mother, filed a second contempt action in the Alabama court alleging that the father owed $87,663.60 in unpaid child support and interest accrued thereon. That action was assigned case no. DR-87-500090.02. The father opposed the State’s claim in the second contempt action, arguing that he had satisfied all of his obligations under the Florida court’s judgment, which judgment, the father claimed, had “reduee[d] the amount of child support due.” The State, for its part, contended that the Florida court’s URESA judgment did not suspend or replace the Alabama court’s support judgments. Although the judgment entered in case no. DR-87-500090.02 does not appear in the record in this appeal, the parties agree that the Alabama court dismissed the second contempt action. Also, the Alabama court entered an order in the first contempt action vacating its writ of arrest directed to the father.
 

 In December 2009, the State, on behalf of the mother, filed a process of garnishment in the first contempt action seeking the withholding from the father’s Social Security benefits of sums to satisfy what the State claimed was a $75,758.37 debt stemming from unpaid child support. In response, the father filed a motion to immediately suspend the garnishment proceedings, contending that the judgment in the second contempt action had determined that the child-support arrearage alleged by the State did not exist. After a hearing, the Alabama court entered a judgment granting the father’s motion and suspending any garnishment attempts in the first contempt action. The State filed a postjudgment motion in which it again
 
 *24
 
 asserted that it had the right to enforce the Alabama court’s support judgments notwithstanding the Florida court’s URE-SA judgment. After a hearing, the Alabama court modified its judgment in the first contempt action to expressly state that the father owed no child-support ar-rearage and that the federal Social Security Administration was “discharged and relieved from any further liability.”
 

 The State, on the relation of the mother, appeals. In its brief, the State asserts that the Alabama court was without power to, in its words, “forgive” an accrued child-support arrearage; that the Florida court’s 1992 URESA judgment did not modify the Alabama court’s 1987 support judgment; and that garnishment is an appropriate remedy to collect child support that is in arrears. The father’s argument on appeal is limited to a contention that the 1992 URESA judgment did, in fact, effect a modification of his support obligation and that the 2002 satisfaction of that judgment negated the proposition that he owed any further child support.
 
 [2]
 

 We considered a parallel fact pattern in
 
 State ex rel. Department of Human Resources v. Curran,
 
 716 So.2d 1196 (Ala.Civ.App.1997). In
 
 Curran,
 
 the father of two minor children was ordered in a 1987 Alabama divorce judgment to pay $300 per month in child support, after which he moved to South Carolina and unilaterally reduced his child-support payments upon the marriage of the elder child. Thereafter, the Lee County Department of Human Resources, on behalf of the children’s mother, initiated a URESA action in South Carolina seeking, among other things, payment of a claimed $5,600 child-support ar-rearage and enforcement of the father’s support obligation as to the remaining minor child; the South Carolina court prospectively ordered the father to pay $200 per month in child support. In June 1995, after the younger child had attained the age of 18 years, the South Carolina court dismissed the URESA action without prejudice; however, the State of Alabama subsequently brought a contempt action in Alabama seeking, among other things, enforcement of the provisions of the divorce judgment. Although the trial court in
 
 Curran
 
 determined that the father in that case was somewhat in arrears in paying his child support, the State appealed, contending that the trial court had erred in calculating the arrearage because, the State said, the support provisions of the Alabama divorce judgment remained controlling until the younger child attained the age of majority in Alabama. Upon a review of URESA, we agreed with the State’s position in
 
 Curran:
 

 “
 
 ‘The purpose of the URESA proceeding is to provide a simple, fair, and convenient method of enforcing a support obligation without having to extradite the payor spouse to another state.’
 
 Barnes v. State ex rel. State of Virginia,
 
 558 So.2d 948, 949 (Ala.Civ.App.1990). A URESA action is not brought to modify, overcome, or replace an order of child support in a divorce judgment.
 
 State ex rel. Van Buren County Dep’t of
 
 
 *25
 

 Social Services v. Dempsey,
 
 600 So.2d 1019, 1023 (Ala.Civ.App.1992). Further, ‘[t]he remedies provided by URESA “are in addition to and not in substitution for any other remedies.” ’
 
 Allsup v. State ex rel. Salas,
 
 648 So.2d 597, 599 (Ala.Civ.App.1994), quoting § 30-4-98, Ala.Code 1975.
 

 “South Carolina’s order, as the ‘responding state’ pursuant to the URESA petition, was not a modification of the 1987 divorce order, but a new order of support.
 
 Allsup, supra.
 
 There being no modification, the 1987 divorce judgment remained in effect.
 
 Murphy v. Murphy,
 
 395 So.2d 1047, 1049 (Ala.Civ.App.1981).
 
 Curran’s compliance with the South Carolina order did not negate his arrearage or his responsibilities under the divorce judgment.
 
 ‘Any modifications to the divorce judgment and support obligations must be made by the circuit court with jurisdiction over the divorce judgment.’
 
 Wearb v. Luks,
 
 708 So.2d 181[, 184-85] (Ala.Civ.App.1997); [see also]
 
 Ex parte O’Neill,
 
 420 So.2d 264 (Ala.1982). Further, ‘[t]he order of support in a case of reciprocal support does not in any manner “supersede,” overcome or replace an order of child support in a divorce case.’
 
 Willis v. Levesque,
 
 402 So.2d 1003, 1004 (Ala.Civ.App.1981).
 

 “We conclude that the trial court did not properly calculate the arrearage and interest owed under the 1987 divorce judgment. Curran was required to pay $300 per month child support until his children reached age 19 or the court modified the support order. See § 26-1-1, Ala.Code 1975. Curran’s [older child] was emancipated as a result of her marriage in September 1990; however, as previously stated, this fact did not automatically modify his support obligation.
 
 Hamilton [v. Phillips,
 
 494 So.2d 659, 661 (Ala.Civ.App.1986) ]. Further, Curran’s [younger child], born on December 8, 1976, did not attain the age of majority until December 1995. Although the South Carolina order of June 1995 relieving Curran of his payments and arrearage in June 1995 relieved him of his child support obligation because ‘the only child in this case is 18 and has graduated from high school,’ the age of majority in Alabama is 19 and Curran was required to make child support payments until December 1995. § 26-1-1, Ala.Code 1975. The judgment as to the arrearage amount is reversed and the case is remanded for the trial court to recalculate the arrearage, and interest thereon. Curran is entitled to credit for the payments made under the URESA order against any amount that the trial court determines he owes. See
 
 Wearb, supra.”
 

 716 So.2d at 1199-1200 (emphasis added).
 

 On the authority of
 
 Curran,
 
 we conclude that the Florida court’s URESA judgment did not, as the father contends, modify the father’s child-support obligation under the Alabama court’s divorce judgment from $80 per week to $54 per week. While URESA was in effect in Florida, Florida’s version of URESA specifically provided, just as Alabama’s version of URESA did, that “[a]ny order of support issued by a court of this state when acting as a responding state shall not supersede any previous order of support” issued in a divorce or separate-maintenance action.
 
 See
 
 Fla. Stat. Ann. § 88.281 (repealed), and Ala.Code 1975, § 30-4-93(b) (repealed). Indeed, an appellate court in Florida has squarely held that the courts of that state lacked power under URESA to modify a child-support judgment entered by a sister state that had also enacted URESA.
 
 See Berkman v. Berkman,
 
 951 So.2d 928, 931 (Fla.Dist.Ct.App.2007).
 

 
 *26
 
 Because the Florida court’s URESA judgment could not, and did not, modify the Alabama court’s divorce judgment, the Alabama court erred in determining that the State was not entitled to enforce the provisions of that judgment by seeking garnishment of property owned by the father and in discharging and relieving the father from any further liability under the Alabama court’s divorce judgment. Therefore, we reverse the Alabama court’s judgment in the first contempt action terminating the State’s process of garnishment, and we remand the cause for further proceedings.
 
 [3]
 

 REVERSED AND REMANDED.
 

 THOMPSON, P.J., and BRYAN and THOMAS, JJ., concur.
 

 MOORE, J., concurs in the result, without writing.
 

 [1]
 

 . Alabama has since repealed its version of URESA and replaced it with its version of the Uniform Interstate Family Support Act, which is codified at Ala.Code 1975, § 30-3A-101 et seq.
 
 See
 
 Act No. 97-245, Ala. Acts 1997.
 

 [2]
 

 . We note that the father has not contended in his brief on appeal that the judgment of dismissal in the second contempt action should be held to bar the State from initiating garnishment proceedings incident to the first contempt action. To the extent that the Alabama court may have afforded preclusive effect to its judgment of dismissal in the second contempt action, we would simply note that a judgment dismissing a contempt action does not bar enforcement of an otherwise valid underlying judgment.
 
 Hall v. Hall,
 
 485 So.2d 747, 750 (Ala.Civ.App.1986) (citing
 
 Howell v. Thomas,
 
 566 F.2d 469, 470 (5th Cir.1978), which noted that the outcome of a second proceeding cannot "collaterally estop the effect of an already concluded prior proceeding.”).
 

 [3]
 

 . Of course, the father "is entitled to credit for the payments made under the [Florida court’s] URESA order against any amount that the [Alabama] court determines he owes."
 
 Curran,
 
 716 So.2d at 1200.