MOORE, Judge.
Sharon Carmelia Moloney (“the mother”) appeals from a judgment of the Mobile Circuit Court (“the trial court”) to the extent that it determined the amount of past-due child support owed by Edward Joseph Papie (“the father”), declined to award the mother interest on the amount of the father’s past-due child-support obligation, and declined to award the mother interest on the amount it ordered the father to pay toward the children’s “extraordinary medical, dental, or other health related expenses not covered by insurance.”

Facts and Procedural History

The parties were divorced by a judgment entered by the trial court on August 1, 2002. That judgment awarded custody of the parties’ three children to the mother and also provided, in pertinent part:
“4. The Court will order [the father] to pay to [the mother] the amount of $1,179.00 per month as child support. (Child support is a deviation from the Guidelines of Rule 32, [Ala. R. Jud. Admin.,] but includes the sum of $500.00 representing one-third of the private school tuition for the minor children.)
[[Image here]]
“6. [The mother] shall maintain health insurance on the minor children, and the parties are ordered equally responsible for any extraordinary medical, dental, or other health related expenses not covered by insurance.”
*11 On June 5, 2009, the mother filed a petition requesting the trial court, among other things, to order the father to pay postminority educational support for the parties’ oldest child, to order the father to reimburse her for extraordinary medical expenses she had expended on behalf of the children, and to hold the father in contempt for his failure to pay child support. On July 21, 2009, the father answered the petition. On January 8, 2010, the mother amended her petition to include a claim for attorney fees. On January 21, 2010, the father answered the amended petition.
A trial was held on July 12, 2010. At the trial, the father testified that, before the divorce judgment was entered, the parties had agreed that he would pay monthly child support of $750 and that, after the divorce judgment was entered, the mother had told him that they did not have to go by the terms of the divorce judgment regarding the amount of child support the father had to pay. The mother testified that the father had paid $750 per month in child support but that he had not paid anything for a certain period. The father testified that the mother had agreed that he did not have to pay child support for that period in exchange for the mother’s being allowed to keep some personal property that had been awarded to the father in the divorce judgment. The mother denied having agreed to waive the father’s child-support payments. The mother testified that the father owed $50,132 in past-due child support. She also introduced into evidence her calculations indicating that she was due $20,132.57 in interest on the past-due child-support amount.
The mother also testified that the father owed $9,661 in extraordinary medical expenses. She testified that the father had not paid any part of the children’s medical expenses since the parties divorced. She testified that the father had been aware of the children’s medical issues but that she had not submitted any of the medical bills to the father because she had not wanted to argue with him about them.
It was undisputed that, in July 2005, the mother and the children moved from Mobile to Texas and that the children thereafter attended public school. The father testified that he wanted the trial court to allow him a credit of $500 per month toward his child-support obligation for the months that the children had not attended private school. The father also testified that the mother had not consulted him before seeking medical care for the children and that he had not agreed with certain of those expenses.
On July 16, 2010, the trial court entered a judgment stating, in pertinent part:
“3. THAT the Court finds that the [father] has not paid medical expenses which he was ordered to pay. Judgment is awarded in favor of the [mother] and against the [father] in the amount of $9,661.21. Due to the [mother’s] having not provided the [father] with copies of said bills or a demand for payment of said bills, the Court orders that the [father] pay said judgment at the rate of $200.00 per month, and no interest shall accrue on the aforesaid judgment.
[[Image here]]
“5. THAT judgment is awarded in favor of the [mother] and against the [father] in the amount of $50,132.00 representing child support which should have been paid but which was not paid, excluding interest.”[1]
*12 On August 13, 2010, the father filed a motion to alter, amend, or vacate the trial court’s judgment, arguing that he was due a credit of $500 per month for the months that the children had not attended private school toward the amount the trial court determined he owed in past-due child support. The mother responded to that motion on August 14, 2010, and, that same day, she filed a motion to alter, amend, or vacate the judgment. In her post-judgment motion, the mother alleged that the trial court had erred in failing to award her interest on the amount it determined the father owed her for past-due child support and on the amount it ordered the father to pay toward the children’s “extraordinary medical, dental, or other health related expenses not covered by insurance.”
On October 15, 2010, the trial court entered an order granting, in part, the father’s postjudgment motion requesting a credit toward his past-due child-support obligation. That order stated, in pertinent part:
“1. THAT the [father’s] Motion To Amend, Alter or Vacate is hereby granted in part. A judgment is entered for the sum of $20,434.00 in favor of the [mother] and against the [father] with the interest not calculated.”
Both the mother’s and the father’s post-judgment motions were otherwise denied to the extent that they were not addressed in that order. On November 12, 2010, the mother filed a motion to alter, amend, or vacate the trial court’s October 15, 2010, order, arguing that the trial court had erred by retroactively reducing the father’s child-support obligation when it determined the amount the father owed for past-due child support and by failing to award her interest on the amount it determined the father owed her for past-due child support.[2] On January 4, 2011, the trial court denied the mother’s post-judgment motion directed to the October 15, 2010, order. On February 14, 2011, the mother filed her notice of appeal.

Discussion

I.
The mother first argues that, in determining the amount of the father’s past-due child-support obligation, the trial court erred by retroactively reducing the father’s monthly child-support obligation by $500 for the months that the children had not attended private school.
“It is well settled that child support payments become final judgments on the day they are due and may be collected as any other judgment is collected; and that payments that mature or become due before the filing of a petition to modify are not modifiable. See State ex rel. Howard v. Howard, 671 So.2d 83 *13 (Ala.Civ.App.1995); Cunningham v. Cunningham, 641 So.2d 807 (Ala.Civ.App.1994); Glenn v. Glenn, 626 So.2d 638 (Ala.Civ.App.1993); Frasemer v. Frasemer, 578 So.2d 1346 (Ala.Civ.App.1991); Barnes v. State ex rel. State of Virginia, 558 So.2d 948 (Ala.Civ.App.1990); Endress v. Jones, 534 So.2d 307 (Ala.Civ.App.1988). Furthermore, it is well settled that a trial court has no power to forgive an accrued arrearage. See, State ex rel. McDaniel v. Miller, 659 So.2d 640 (Ala.Civ.App.1995); Hardy v. Hardy, 600 So.2d 1013 (Ala.Civ.App.1992), cert. denied, Ex parte Hardy, 600 So.2d 1016 (Ala.1992). Although the trial court has the discretion to give the obligated parent credit for money and gifts given to the child or for amounts expended while the child lived with the obligated parent or a third party, it may not discharge child support payments once they have matured and come due under the divorce judgment. See, Frasemer v. Frasemer, supra.”
Ex parte State ex rel. Lamon, 702 So.2d 449, 450-51 (Ala.1997). “A parent may not unilaterally reduce court-ordered child support payments when the judgment does not provide for a reduction in child support.” State ex rel. Killingsworth v. Snell, 681 So.2d 620, 621 (Ala.Civ.App.1996). Neither can a custodial parent agree to waive court-ordered child support. McWhorter v. McWhorter, 705 So.2d 423, 426 (Ala.Civ.App.1997); see also Holland v. Holland, 406 So.2d 877, 879 (Ala.1981) (“[Pjarties to a divorce decree may not change or modify the decree merely by an agreement between themselves.”).
In the present case, the “[divorce] judgment [did] not provide for a reduction in child support” if the children were no longer attending private school. Snell, 681 So.2d at 621. Therefore, the father was not permitted to unilaterally reduce his child-support obligation and the mother was not permitted to waive or agree to modify the father’s child-support obligation. Id.; see also Holland, 406 So.2d at 879. Further, the father did not prove his entitlement to a credit for “money and gifts given to the child[ren] or for amounts expended while the ehild[ren] lived with the [father] or a third party.” Lamon, 702 So.2d at 451. Accordingly, we conclude that the trial court erred by effectively retroactively reducing the father’s monthly child-support obligation when it determined the amount the father owed for past-due child support.
II.
The mother next argues that the trial court erred in declining to award her interest on the amount it determined the father owed for past-due child support and on the amount it ordered the father to pay toward the children’s “extraordinary medical, dental, or other health related expenses not covered by insurance.”[3] Because the payment of extraordinary medical expenses is an award of child support that is added to a parent’s basic child-support obligation, see Rule 32(C)(4), Ala. R. Jud. Admin. (“Additional Awards for Child Support. In addition to the recommended child-support order, the court may make additional awards for extraordinary medical, dental, and educational ex *14 penses.... ”), we review both of the mother’s arguments together.
“The requirement that a trial court award interest on unpaid child-support obligations is one of the more well-settled principles of family tew. See Corwin v. Corwin, 29 So.3d 913, 914 (Ala.Civ.App.2009) (trial court erred by failing to compute the amount of post-judgment interest due on the father’s child-support arrearage); T.L.D. v. C.G., 849 So.2d 200, 204 (Ala.Civ.App.2002) (‘By failing to award postjudgment interest on the child-support arrearage, the trial court erroneously applied the tew to the facts.’); and Walker v. Walker, 828 So.2d 943, 945 (Ala.Civ.App.2002) (‘[A] trial court with jurisdiction over proceedings to enforce an earlier child-support judgment is without authority to waive the imposition of statutorily imposed postjudgment interest upon such payments.’).” •
Faellaci v. Faellaci, [Ms. 2100752, Feb. 3, 2012] (Ala.Civ.App.2012) ; see also State ex rel. W.M.E. v. G.C., 73 So.3d 593, 596 (Ala.2011) (holding that a trial court must award postjudgment interest on child-support judgment). Based on the foregoing authorities, we conclude that the trial court erred in declining to award the mother interest on the amount it determined the father owed for past-due child support and on the amount it ordered the father to pay toward the children’s “extraordinary medical, dental, or other health related expenses not covered by insurance.” Although we recognize that the trial court declined to award interest on the medical expenses because the mother had failed to present the bills to the father or to demand payment of those expenses, the mother’s inaction should not deprive the children of the interest that is due on a payment that was owed for their benefit. See, e.g., Neny v. Neny, 989 So.2d 565, 568-69 (Ala.Civ.App.2008) (stating that clean-hands doctrine did not bar the mother in that case from asserting a claim for child support).

Conclusion

Based on the foregoing, we reverse the judgment of the trial court and remand this cause for the entry of a judgment consistent with this opinion.
The mother’s request for the award of an attorney fee on appeal is denied.
REVERSED AND REMANDED.
THOMPSON, P.J., and PITTMAN, BRYAN, and THOMAS, JJ., concur.

. The trial court ruled in favor of the mother on her request for postminority educational support for the parties’ oldest child. On ap *12 peal, neither party raises an issue pertaining to that ruling.

. The father argues in his brief to this court that the trial court did not have jurisdiction to entertain a second postjudgment motion filed by the mother and, thus, that the filing of that motion did not toll the time for the mother to file her notice of appeal. We note, however, that because the trial court had granted the father’s postjudgment motion in part, thereby aggrieving the mother, the mother was entitled to file a second postjudgment motion and that motion effectively tolled the time to file a notice of appeal. See, e.g., J.H.F. v. P.S.F., 835 So.2d 1024, 1026 (Ala.Civ.App.2002) (when party filed second postjudgment motion after having been aggrieved by the granting of a postjudgment motion filed by the other party, the second postjudgment motion effectively tolled the time to appeal); and Woodall v. Woodall, 506 So.2d 1005, 1007 (Ala.Civ.App.1987) ("In situations where a judge has granted a postjudgment motion for one party, the nonmoving party aggrieved by the motion has the right under our rules to file his or her own postjudgment motions.”).

. We note that, in the October 15, 2010, post-judgment order entered in response to the father’s postjudgment motion, the trial court amended its judgment by awarding the mother a judgment against the father in the amount of $20,434, "with the interest not calculated.” Although it appears that the trial court was merely declining to calculate the amount of interest owed by the father on the amount of his past-due child-support obligation, not that it was precluding the collection of such interest, such an intention does not change the fact that no specific amount of interest was awarded.